CIRCUIT COURT OF THE CITY OF RICHMOND

Angela Wilson

v.

Edward B. Wood,
t/a Wood's Body Shop

May 2, 1983

Case No. LF-1675

By JUDGE JAMES EDWARD SHEFFIELD

The captioned matter is before the Court on the defendant's Motion For Transfer to the Circuit Court of New Kent County because of improper venue in this Court and the plaintiff's Motion To Retain Jurisdiction in this Court pursuant to Code §§ 8.01-262(3) and 8.01-265, and the Court's decision follows.

The issue presented here is whether the defendant regularly or systematically conducts affairs and business activity in Richmond, Virginia, pursuant to Code § 8.01-262(3). The determination of that issue turns on whether the evidence adduced at the ore tenus hearing held herein on March 17, 1983, on the cross motions to transfer and to retain, establishes that the defendant regularly or systematically conducted affairs and business activity in the City of Richmond.

At the hearing, this Court upheld defendant's objections to the plaintiff's counsel's offer of portions of the defendant's discovery deposition as affirmative evidence of the defendant's regular and systematic conduct of affairs and business activity in the City of Richmond, based upon the rationale that the defendant was present and could have testified to matters covered in the deposition, and because of what the Court announced was the prevailing practice in this Court not to permit the use of a discovery deposition of a party in like circumstances, except for impeachment purposes or for some discovery purposes.

Subsequent to the hearing, plaintiff's counsel moved for reconsideration by letter and I have reconsidered and researched the matter.

It seems to me that, if in fact, it is the policy of this Court to prohibit the use of the discovery deposition of a party for the purpose of establishing affirmative evidence as a proper venue, there is no legal basis for the policy. When Judges Sands and Williams were on this Court, I believe it was their policy that the deposition would not have been permitted. This may or may not be the policy of the existing Court, however, it seems to me that the question to be decided is not the policy of the Court, but what is the proper and legal rule as to the use of the deposition of a party under the circumstances presented in this case.

At the hearing on the cross motions held on March 17, 1983, the defendant was present and testified on his own behalf. After cross-examination of the defendant relating to his "yellow page" business listing in the Richmond telephone directory, plaintiff's counsel offered in evidence pursuant to Rule 4:7(a)(3) of the Rules of the Supreme Court, portions of the defendant's discovery deposition where he acknowledged his once-a-week or twice-a-month purchase and pickup of paint supplies for use in his business from a Richmond dealer.

Rule 4:7(a)(3) provides as follows:

> The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 4:5(b)(6) or 4:6(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

The captioned Rule is very explicit in its provision contained in paragraph (3) that the deposition of a party may be used by an adverse party for any purpose, without any qualification, despite the presence or absence of the party.

Further, the proffered portions of the depositions were admissible on another basis, as an admission of a party.

Since the proffered portions of the defendant's discovery deposition demonstrate that the defendant quite frequently and regularly purchases and picks up paint supplies from Auto Paint Supply, a business located in Richmond and advertises his own business in Richmond, I find that the defendant regularly or systematically conducts business activity or affairs in the City of Richmond, Virginia, within the contemplation of Code § 8.01-262(3) and further because Richmond, Virginia, is the place of plaintiff's employment and the location of her witnesses. Therefore, this Court is a permissible forum and venue is properly laid here, and this Court will retain jurisdiction for trial. Portions of the deposition sought to be introduced by the plaintiff's counsel should have been introduced as an exhibit. Defendant's motion to transfer is denied and plaintiff's motion to retain jurisdiction is granted.

Counsel for the plaintiff may prepare a proper sketch for an order embodying the above decision and an identification of the defendant's deposition in-

volved here and should set forth the pages from the deposition that he wants made an exhibit as "Plaintiff's Exhibit No. 1" and present the same for endorsement by counsel for the defendant and for entry by this Court.