## CIRCUIT COURT OF THE CITY OF RICHMOND

Evans's Administrator

v.

Edward A. Hadad, etc., and
St. Mary's Hospital of Richmond Inc.

August 27, 1984

Case No. LH-201

By JUDGE WILLARD I. WALKER

This case raises the interesting and close question of when is venue proper under the provisions of Code of Virginia § 8.01-262(3). Specifically, the question involves the interpretation of the meaning of the words "regularly and systematically conducts affairs and business activity." The underlying facts in this case are not in dispute.

The operative event from which the cause of action in this case arose occurred in Henrico County. The individual defendant, Edward A. Hadad, resides in Henrico County. The corporate defendant, St. Mary's Hospital of Richmond, Inc., is located in Henrico County and conducts most of its business affairs and activities in Henrico County. In 1983, 99.3% of St. Mary's Hospital's revenue was generated in Henrico County. Total revenue was $550,296,000.

As part of the business of St. Mary's Hospital, a service is offered to the public within a twenty mile

radius of the hospital and is called Home Health Services. This service, as described in brochures, invites patients or potential patients located anywhere within twenty miles of the hospital to receive from the hospital home health care on the recommendation of area physicians.

In 1983, the Home Health Services aspect of St. Mary's business generated $394,000 of the total figure, or .7% of the hospital's revenue. The hospital draws its patients from Henrico, Chesterfield, Hanover and Powhatan counties and the City of Richmond. In 1983 the hospital had 15,207 admissions, 43,146 visits to outpatient services at the hospital in Henrico County, 21,143 visits to the emergency department, but only 486 patients treated by its Home Health Services. Of these 486 patients, approximately one half were treated in the City of Richmond.

There is no case law in Virginia, and none from other states has been cited to the court, that interprets the meaning of the words "regularly and systematically conducts affairs and business activity." In this particular case, we need not concern ourselves with the somewhat metaphysical distinction between affairs and business activity inasmuch as the activity being engaged in by St. Mary's Hospital, i.e., Home Health Services, is a business activity from which it derives some revenue. There is nothing within the venue statute, as opposed to the long-arm statute, for example, that places some restriction on the venue requirements based upon how substantial the business activity might be. That the business activity being conducted in the City of Richmond is small in relation to the total business of the entity is not a factor that has been set forth in the venue statutes. Clearly, the General Assembly knows how to set that limitation. For example, see Code of Virginia §§ 8.01-328.1 et seq.

Therefore, the question at issue is whether the activity being engaged in is either regular or systematic. The most appropriate definition of the word systematic, as found in The American Heritage Dictionary, Second College Edition, is ". . . Characterized

by purposeful regularity; methodical" or "Carried on in a step-by-step procedure." Using these definitions of systematic, the activity of St. Mary's Hospital does not seem to me to be systematic. Admittedly, it is very much a random situation of whether, and how many, patients will be referred to St. Mary's by doctors in the City of Richmond. It is known that some patients will be referred because of the volume of people living within the City who are within twenty miles of the location of the hospital; but the exact number is not a known quantity, nor is it known when the patients will be referred for the Home Health Services.

The first definition given for the word regular in the same dictionary referenced above is "Customary, usual, or normal." It seems to me that the business activity being engaged in by St. Mary's, although it is small, does come within the ambit of the word regular. Counsel for the defendant St. Mary's Hospital may wish that the word regular had to do with the quantity of business and that somehow activity which is regular and usual and customary would not count as part of the regular business of the defendant if it is only a small part of the defendant's business activity. I find no definition of the word regular to suggest that connotation. If the General Assembly had intended such meaning, it would have used words such as primary, principal, or some other word which would connote the concept that venue would only be proper as to a defendant where its main or chief business activity was being conducted.

Accordingly, I find that St. Mary's Hospital does engage in business activity in the City of Richmond and did so at the time this cause of action arose, and that such business activity is regularly conducted.