## CIRCUIT COURT OF LOUDOUN COUNTY

Edna R. Cross

 v.

Alvin Blue et al.

April 11, 1991

Case No. (Law) 10804

By JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Motions for Change of Venue filed herein by Deggeller Attractions, Inc. ("Deggeller") and Alvin Blue asking that this suit by transferred to the Circuit Court of Henrico County. All counsel agree that the Court could decide this matter on the basis of a Stipulation of Facts filed April 5, 1991.

After consideration of the argument of counsel on April 5, 1991, the Memorandum of Atlantic Rural Expositions ("ARE") and Deggeller and the Stipulation, the Motions are granted.

Section 8.01-262(3) permits venue wherein a defendant "regularly conducts affairs or business activity." The issue is whether or not ARE regularly conducts affairs or business activity in Loudoun County. This case is one for personal injuries to the plaintiff occurring at the Virginia State Fair run by ARE on the State Fairgrounds in Henrico County in September, 1987; therefore, venue is permissible in Henrico County under § 8.01-262(4).

It was stipulated that none of the other defendants regularly conduct affairs or business in Loudoun County. ARE's activities in Loudoun County include advertising the State Fair in a Loudoun County newspaper and on a radio station located in Loudoun County. Also, it mails

out catalogs of the Fair to persons in Loudoun County. Further, ARE distributes catalogs to VPI which are ultimately distributed by it through extension agents. The plaintiff, a resident of Loudoun County, learned of the 1987 State Fair exclusively by ads done by ARE in Loudoun County and through a catalog received from VPI by the Loudoun extension agent.

In addition to running the State Fair, ARE conducts other shows and exhibits but always on the State Fairgrounds in Henrico County.

There is nothing in § 8.01-262(3) which quantifies the amount of business activity needed to meet the venue requirement. Merely regularly conducting affairs or business activity, no matter how little or small, can give rise to venue. Therefore, the issue is not what part of ARE's business or affairs is conducted in Loudoun County but whether or not its activities in Loudoun County constitute regularly conducting affairs or business activity in this County.

The venue statutes provide a convenient place for trial. Section 8.01-257 provides that "every action shall be commenced and tried in a forum convenient to the parties and witnesses where justice can be administered without prejudice or delay. The Revisor's Note for § 8.01-262(3) provides:

> While subsection 3 has no statutory antecedent, it establishes a logical forum when considered in the context of fairness and convenience of the parties.

ARE conducts affairs and business activity in Henrico County. It runs the State Fair and other shows and exhibits solely in that county. ARE merely solicits business in Loudoun County by advertising in print and over the radio. *See, Ex parte King Motor Company, Inc.*, 540 S.2d 62 (Ala. 1989), citing *Ex parte Alpine Bay Resorts, Inc.*, 518 S.2d 113 (Ala. 1987).

The cases of *Wilson v. Wood*, 2 Va. Cir. 125 (1983) (Judge Sheffield), and *Evans's Administrator v. Hadad*, 1 Va. Cir. 507 (1984) (Judge Walker), are distinguishable. In each of these two cases, the defendant physically conducted affairs or business activity in the City of

Richmond in addition to advertising its services. In *Wilson* the defendant regularly and frequently purchased and picked up supplies for its business (located in New Kent County) in the City of Richmond. In *Evans's Administrator*, St. Mary's Hospital provided home health care to persons in the City of Richmond. Here ARE only advertised in Loudoun County. It did not have an office in Loudoun County, and it did not physically sell tickets to the Fair in Loudoun County.

If venue is to be based on the "regularly conducts affairs or business activity" requirement, then fairness and convenience to the defendant dictates that venue be where that defendant physically does business. Advertising and solicitation of business can be done without a defendant ever being physically present in the area of advertising and solicitation. If the plaintiff's position were accepted, then ARE would be subject to suit in every city and county in Virginia where it advertises or solicits business. That is not the intent of the venue statutes.

Let Mr. Telegadas and Mr. Watkins prepare an order consistent herewith transferring this action to the Circuit Court of Henrico County to which Mr. Saunders may note an exception.