## CIRCUIT COURT OF ALBEMARLE COUNTY

Crystal H. Spangler

v.

Wintergreen Partners, Inc.

June 5, 1991

Case No. 4663-L

By JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the objection to venue and Motion to Transfer filed by Mr. Spencer on behalf of Wintergreen Partners, Inc., pursuant to Section 8.01-264 and, in the alternative, § 8.01-265 of the Code of Virginia of 1950, as amended. The Court held an evidentiary hearing and heard argument of counsel on May 31, 1991.

As background to this case, an identical Motion for Judgment was filed in the Circuit Court for the City of Richmond on September 15, 1989, alleging negligence on the part of the defendant at a certain ski resort known as Wintergreen in the County of Nelson, Commonwealth of Virginia, which caused injuries to the plaintiff, Crystal H. Spangler, alleged to have occurred on January 14, 1988. An Objection to Venue and Motion to Transfer was filed by the defendant, Wintergreen Partners, Inc., in the Richmond Circuit Court, and after a hearing, the Circuit Court transferred the case to the Circuit Court for the County of Albemarle. A motion was then filed by the defendant, Wintergreen Partners, Inc., pursuant to § 8.01-265 of the Code of Virginia of 1950, as amended, requesting the Circuit Court of Albemarle County to transfer the action to the Circuit Court of Nelson County as the only proper and convenient forum. After a hearing on that motion,

the court refused to transfer venue to Nelson County for the reasons set forth in its letter of January 3, 1991, to counsel. Thereafter, the court entered an order for plaintiff to suffer a nonsuit on motion of plaintiff pursuant to § 8.01-380 of the Code of Virginia of 1950, as amended, on April 12, 1991. On April 20, 1991, the plaintiff filed a new action at law in the Circuit Court of Albemarle County in the form of a Motion for Judgment identical to the Motion for Judgment filed in the Circuit Court of the City of Richmond on September 15, 1989.

At the evidentiary hearing on May 31, 1991, Stuart R. Saddler testified that he was vice-president and general counsel for Wintergreen Development, Inc. He testified that Wintergreen Partners, Inc., the defendant, was a not-for-profit membership corporation having 2200 members, each of whom was a property owner at Wintergreen. That corporation owns the recreational facilities at Wintergreen, and its president is Robert H. Barlow, Dean of Students at Sweet Briar College, who is not a resident of Albemarle County. The registered agent for the defendant was Stuart Saddler, who is a resident of the County of Albemarle but maintains his office in Nelson County. The administrative offices of Wintergreen Partners, Inc., is at Nellysford, Virginia, which is in Nelson County. Further, according to Mr. Saddler, the defendant conducts no business in Albemarle County, Virginia. It does have suppliers who are located in Albemarle County who furnish food and food services to the defendant at its location in Nelson County, Virginia. One of the food suppliers, Dettor, Edwards & Morris, Inc., is a major food supplier to Wintergreen. Further, Wintergreen Partners, Inc., acts as senior management over the recreational services. It hired a management company, Paragon Management, who does the direct management for defendant. There is a five-year management contract, and all of the people who work for Paragon are located in Nelson County, Virginia. Finally, according to the testimony of Mr. Saddler, Wintergreen Partners, Inc., has no employees whatsoever.

Section 8.01-262 of the Code of Virginia establishes the permissible forums for civil action. The defendant,

Wintergreen, may be sued in (1) where it is located, (2) where its president resides, (3) where it has a registered office or registered agent, and (4) where it regularly conducts affairs or business activities, or in (5) where the cause of action arose.

Wintergreen Partners, Inc., has its operation in Nelson County. Its president does not reside in Albemarle County. Its registered agent, Stuart Saddler, has his office in Nelson County. The cause of action arose in Nelson County, where the plaintiff fell while skiing.

Pursuant to § 8.01-264 of the Code of Virginia, defendant said that Wintergreen does not fall within any of these categories. The only arguable basis that venue could rest in Albemarle County, Virginia, is the claim that Wintergreen Partners, Inc., "regularly conducts affairs or business activities" in the County. There is no evidence before the Court that Wintergreen Development, Inc., or any of its employees or agents, go into Albemarle County to conduct business. To the contrary, a supplier, such as Dettor, Edwards & Morris, Inc., located in Albemarle County, delivers certain supplies in Nelson County. Although not testified to in the May 31, 1991, hearing, according to the brief of defendant, invoices are received in and paid from Nelson County. All cases cited by the parties in their briefs to the Court involved cases where a defendant actually went into a particular venue and transacted some business activity. In *Evans's Administrator v. Edward H. Hadad, etc., et al.*, 1 Va. Cir. 507 (1984), the Court ruled Richmond was a proper venue because approximately 233 patients were treated in the City of Richmond by defendant, St. Mary's Hospital of Richmond, Inc. In *Wilson v. Wood*, 2 Va. Cir. 125 (1983), the Court ruled that venue was proper in the City of Richmond where the defendant once a week or twice a month purchased and picked up paint supplies for use in his business from a Richmond dealer. In this case, there is no evidence that Wintergreen goes into the County of Albemarle to pick up food supplies, etc. Thus, the defendant does not regularly conduct affairs or business activities in Albemarle County. The Court finds that venue is not proper in Albemarle County, and pursuant to § 8.01-264 of the Code, it orders that venue be transferred to the Circuit Court for the County of Nelson, Commonwealth of Virginia.

Having sustained defendant's objection to venue under § 8.01-264 of the Code, the Court finds that it is not necessary to make a ruling under the objection noted pursuant to § 8.01-265 of the Code.