## CIRCUIT COURT OF THE CITY OF RICHMOND

Jason Morey

v.

Paul J. McDonald and
Christopher T. Bohm

August 10, 1995

Case No. (Law) ML3384

BY JUDGE JAMES B. WILKINSON

This litigation arises from an automobile accident that occurred in Henrico County. Both defendants reside in Henrico County. Defendant McDonald's principal place of employment is Henrico County. Defendant Bohm is not employed in the City of Richmond.

The issue is whether the defendants' motion to transfer venue should be granted.

The plaintiff argues that Richmond is a permissible venue under Code § 8.01-262(3) because the defendants regularly conduct affairs in the City of Richmond. The "affairs" that the plaintiff relies on are miscellaneous trips that the defendants make to Richmond. Defendant McDonald testified that he drives into Richmond probably once a month to either shop in Carytown or have lunch in the city or visit Maymont Park. Defendant Bohm estimates that he comes to Richmond, on average, once a month, usually to eat.

The court does not believe these contacts are sufficient to satisfy Code § 8.01-262(3). There is no Virginia Supreme Court case law interpreting the "regularly conducts affairs" language of Code § 8.01-262(3). This court has previously ruled that "regular" means usual and customary and does not refer to the quantity of activity conducted in the area. However, the court cannot conclude that the defendants' trips amount to "regularly conducting affairs" in the City of Richmond. The trips are of a more spontaneous nature and the once-a-month frequency is merely a guessti-

mate. In addition, there is no regularity as to the destination of the defendants when they do come into the City. Consequently, the court does not believe Code § 8.01-262(3) is satisfied, and the court will grant the defendants' motion to transfer venue to Henrico County.

The Court having held under advisement the defendant's Objection to Venue and Motion to transfer this case to Henrico County Circuit Court on July 13, 1995, and now having fully considered the argument of counsel, it is ordered that the defendant's motion to transfer venue be and is hereby granted, and this case is transferred to the Henrico County Circuit Court.

The Court notes counsel for the plaintiff's exception to this ruling of the Court.