# CIRCUIT COURT OF THE CITY OF RICHMOND

Willie Mae Hooker

v.

Randolph Douglas Brown

January 30, 1997

Case No. LB-1228-4

BY JUDGE RANDALL G. JOHNSON

This case is before the court on defendant's objection to venue. The parties have stipulated that defendant "has a pattern of coming to Richmond two or three times a month to visit his siblings," and the sole question is whether such a "pattern" constitutes "regularly conduct[ing] affairs" within the meaning of Va. Code § 8.01-262. The court holds that it does not.

There are surprisingly few cases in Virginia dealing with the question of what is meant by regularly conducting affairs. While there are some cases from the Supreme Court and from circuit courts dealing with business activity, counsel and the court have found no cases dealing with the situation here, social visits. It is the court's opinion, however, that such conduct does not constitute "affairs" within the meaning of the statute.

In *Conway v. Robinson*, Case No. LX-3147-4 (order dated March 20, 1995, no written opinion), this court (Johnson, J.) held that attending church in Richmond two or three times a week was a sufficient conduct of affairs to establish venue here. In *Morey v. McDonald*, 36 Va. Cir. 511 (1995), this court (Wilkinson, J.) held that coming to Richmond "probably once a month to either shop in Carytown or have lunch in the city or visit Maymont Park" was not enough. The court believes that the present case is closer to *Morey* than it is to *Conway*.

In *Conway*, the evidence was clear that the defendant's church attendance was regular and predictable. He *always* went to church on Sunday, and he *always* went to Bible study one day during the week. Only unforeseen or unusual circumstances prevented him from going to church at the appointed

times. By contrast, the defendant in the present case has no set times when he comes to Richmond to visit his siblings. His visits are spontaneous and not part of any prearranged schedule. *See Morey* ("The trips are of a more spontaneous nature and the once-a-month frequency is merely a guesstimate."). *Id.*

In addition, there is a certain "structure" to church attendance that is not present in visits to friends and family. While by no means "business activity" as that phrase is used in the statute, church attendance is considerably more than social pleasantry. The fact that one consciously chooses a church to attend, thereby in a very real sense choosing a location, a venue, to be a part of for at least that purpose, is a good argument for considering that person to be a part of the location, the venue, for other purposes as well, including deciding where he or she can be sued. People do not choose where their family (except immediate family) and friends live. To require defendants to choose between visiting their family and friends or avoiding them so they cannot be sued where their family and friends live is not, in the court's view, an acceptable option. Businesses, schools, even churches — these one can find anywhere. Our families and friends are where they are. The court holds that venue in this action does not exist in Richmond.