# CIRCUIT COURT OF THE CITY OF ROANOKE

Paxton Hawthorne
and Joseph Anthony,
Co-Administrators
of the Estate of
Joyce Hawthorne,
deceased,
and Kevin Guthrie

v.

James Ray Lavinder
and Timothy VanMarter

June 29, 2006

Case Nos. CL05001081-00 and CL05001080-00

BY JUDGE CHARLES N. DORSEY

In this wrongful death action, Defendants James Ray Lavinder and Timothy VanMarter move the Court to transfer venue to Roanoke County Circuit Court. This motion is based upon the Defendant's contention that Timothy VanMarter was a resident of Roanoke County at the time this action was filed, therefore making the County of Roanoke the proper venue according to Virginia Code § 8.01-262.

## Issue

Plaintiffs contest this motion and argue that venue is proper in the City of Roanoke based upon two arguments. The first is that Defendant VanMarter was still a resident of the City of Roanoke at the time this action was filed. The second is that Defendant VanMarter conducts substantial business activity

in the City of Roanoke. For these two reasons Plaintiffs assert that venue is currently proper in the City of Roanoke and the Motion to Transfer Venue should be overruled.

For the reasons stated, the defendants' Motion to Transfer Venue to the County of Roanoke is granted.

It is well understood law that a permissible forum, or "Category B" venue, is anywhere that the defendant resides at the time the action is filed or a county or city "wherein the defendant regularly conducts affairs or business activity." *Meyer v. Brown*, 256 Va. 53, 55, 500 S.E.2d 807 (1998) (citing Va. Code Ann. § 8.01-262). For purposes of determining venue in this case, this Court is determining whether Defendant VanMarter resided in the City of Roanoke or in the County of Roanoke on October 26th, 2005, the date this action was filed in the City of Roanoke. In the alternative, Plaintiffs maintain that Defendant VanMarter conducted substantial business activity in the City of Roanoke, as to satisfy Virginia Code § 8.01-262(3).

## Analysis

A party objecting to another party's choice of venue has the burden of establishing that the chosen forum was improper. *Barnett v. Kite*, 271 Va. 65, 624 S.E.2d 52 (2006). Furthermore, there is a rebuttable "presumption of correctness" that does attach to a plaintiff's choice of forum. *Norfolk & W. Ry. v. Williams*, 239 Va. 390, 394, 389 S.E.2d 714, 717 (1990). Despite these legal standards, Defendant VanMarter has established that his residence was in Roanoke County at the time this action for wrongful death was filed.

As of the date this action was filed on October 26th, 2005, Defendant VanMarter had moved his residence from the City of Roanoke to the County of Roanoke. Testimony by Defendant VanMarter indicated that he had completed his move in mid-July, due to a termination of his relationship with his girlfriend. Hearing Transcript, December 15, 2005, p. 16. The Plaintiff's evidence that the Defendant still received mail, stored personal items, and retained a key to the City of Roanoke address is not sufficient to demonstrate that the Defendant continued to reside there. Plaintiffs' Brief in Response to Defendants' Motion to Transfer Venue, p. 3. Defendant had completed a change of address form with the post office, though some mail was continuing to be delivered to his former address in Roanoke City. Hearing Transcript, December 15, 2005, p. 17. The relationship with his former girlfriend appears to have ended amicably and therefore having personal belongings at her residence does not indicate anything more than a continuing friendship. Also, retaining a key to the residence does allow control over that residence, but there is no evidence that the Defendant ever exercised that control after his move in July.

The evidence that Defendant's residence continued to be in the City of Roanoke is not sufficient to determine that his move to the County of Roanoke was either incomplete as of the date of filing, nor that it was done for the purposes of escaping current venue in the City of Roanoke.

Alternatively, the Plaintiffs' contend that Defendant VanMarter regularly conducted business activity in the City of Roanoke, making the current venue proper under Virginia Code § 8.01-262(3). The Defendant did his shopping, dined, and took classes in the City of Roanoke. The Circuit Court in the City of Richmond determined that attending church in Richmond "two or three" times a week was sufficient conduct to establish venue there. *Hooker v. Brown*, 41 Va. Cir. 336 (1997) (discussing *Conway v. Robinson*, Case No. LX 3147-4 (order dated March 20, 1995, no written opinion)). In that case, the defendant's church attendance was "regular and predictable." *Hooker* at 336. He always went to church on Sunday and attended bible study one day a week.

Defendant VanMarter's conduct in the City of Roanoke was not substantial business activity as contemplated by Va. Code § 8.01-262(3). Defendant admitted to traveling through the City of Roanoke on his way to work; eating, shopping and seeing movies in the City of Roanoke; and taking college courses in the City of Roanoke. The current situation is more akin to the facts found in *Morey v. Bohm*, 36 Va. Cir. 511 (1995). In *Morey*, the defendant made occasional, unscheduled trips into Richmond for entertainment and personal reasons. The court in *Morey* held that, while the Supreme Court of Virginia had not interpreted the "regularly conducting affairs" language of Va. Code § 8.01-262(3), "regular" meant usual and customary and does not refer to the quantity of activity conducted in the area. *Morey* at 511.

The Defendant's activities, while substantial, are not "usual and customary" so as to satisfy Virginia Code § 8.01-262(3). Defendant VanMarter does regularly drive through the City of Roanoke on his way to work and take classes there, but the evidence does not demonstrate a "usual and customary" character to these actions or that they are "regular and predictable" in nature. Furthermore, if these contacts were to suffice for purposes of Va. Code § 8.01-262(3), it would very easily lead to all residents of the Roanoke Valley being subject to venue in all three jurisdictions the Roanoke Valley encompasses. The geographic and commercial conditions within the Roanoke Valley would require an individual take extreme precautions to avoid being subjected to venue in all three jurisdictions by merely going shopping or out for a meal.

Additionally, this cause of action arose from an accident that occurred in the County of Roanoke. This further convinces this Court that the proper place for this matter to be resolved is in the County of Roanoke. For the reasons previously stated, it is both natural and proper for this matter to be transferred to the County of Roanoke. It should further be noted that my time is shared between the Circuit Court in the City of Roanoke and the Circuit Court in the County of Roanoke. It is my intent to retain this on my docket in Roanoke County after the transfer of venue occurs.