## CIRCUIT COURT OF THE CITY OF RICHMOND

Anthony Taylor

v.

Robert Schial

May 7, 1991

Case No. LS-3185-1

By JUDGE MELVIN R. HUGHES, JR.

Defendant's Motion to Transfer Venue was argued on April 12, 1991, and the matter was taken under advisement thereafter. Counsel has since provided additional argument in letter form with supporting materials attached.

The motion is on the basis that defendant does not reside or do business or conduct affairs in Richmond and asks that the case transfer to either Henrico, where defendant resided, or to Chesterfield, the place where the automobile accident, the subject matter of this suit, occurred. Plaintiff asks that the case remain here because plaintiff has maintained contacts in Richmond over the years and because defendant has waited seven months before bringing on his venue motion for argument. In addition, plaintiff says before suit was filed, defendant had withdrawn from the Commonwealth and at that time resided in Richmond and thus venue is proper here under a provision in § 8.01-262(3). The statute reads as follows:

> 3. Wherein the defendant regularly or systematically conducts affairs or business activity, *or in the case of withdrawal from this Commonwealth by such defendant, wherein venue herein was proper at the time of such withdrawal . . . .* (Emphasis added.)

Turning first to the question of undue delay in bringing on this motion. The parties agree plaintiff employed his present counsel after he discharged his first counsel who filed the Motion for Judgment. Before the change in attorneys, defendant made a number of attempts to get the motion scheduled only to be advised in the end that first counsel's representation had been terminated. Even considering the case is now set to be tried on August 16, 1991, defendant has shown due diligence in seeking to have this motion heard. He was not able to do so until now because of scheduling problems and the plaintiff's change of representation. The delay in bringing on the motion has been explained and is excusable.

Next, the merits of the motion. The parties agreed to take defendant's deposition for this motion. Defendant's testimony revealed that at the time of the accident in October, 1988, he was employed with Yates Business Systems (Yates) as a sales representative. Yates is not a defendant in this case. He stated that after being born here, he has maintained contacts with Richmond over the years by working here on and off, shopping eating in restaurants, visiting friends, relatives, insurance agents, doctors, lawyers, and was a member of a bicycle club in the 1970's. He stated that while having these contacts, he could not say these activities were regular. On this evidence, it appears defendant's contacts with Richmond in the conduct of business or affairs has not been regular and was not so when this action was filed on September 10, 1990. The use in the statute of language in the present tense means the focal time for establishing venus is when suit is instituted.

Plaintiff resists changing venue because, he argues, defendant states that beginning in the fall of 1989, he lived in Richmond until January, 1990, when he moved to Pennsylvania. Defendant stated he came to Richmond during this time as a result of marital difficulties. Plaintiff argues that because defendant resided here before moving to Pennsylvania where he now lives, Richmond is proper venue because it was proper at the time of defendant's withdrawal. Interestingly, service was made on defendant by posting in Henrico County at his place of abode, which was after the time defendant had departed to live in Penn-

sylvania. This is not a contest about service of process, however, as the defendant had made a general appearance by filing a Grounds of Defense.

The reference to venue that is proper at the time of withdrawal appears in two places in the venue statute, in § 8.01-262(2) and in § 8.01-262(3). These provisions apply to corporations and other entities such as partnerships, unincorporated associations and individuals that are engaged in activities which require appointment of statutory agents for service of process, not individuals like defendant here whose activities do not require such appointment. The provisions comply with the requirements of minimum contacts and state long arm statutes. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); Section 8.01-328 *et seq. See* M. Boyd, E. Graves and L. Middleditch *Virginia Civil Procedure*, § 5.4 (1982). The "withdrawal" portion of the statute refers to those venue which lie based on appointment of a statutory agent for a nonresident defendant such as the Secretary of the Commonwealth or the Commissioner of the Division of Motor Vehicles.

The motion is therefore granted, and the action shall transfer to Chesterfield County, the place where the cause of action arose under § 8.01-262(4).