# CIRCUIT COURT OF THE CITY OF RICHMOND

Kiani N. Jones

v.

Giorgia Juanita Rusteau
and Wayne Fuller

September 5, 1997

Case No. LC-321-4

BY JUDGE RANDALL G. JOHNSON

This case is before the court on defendant Wayne Fuller's objection to venue. The issue to be decided is the appropriate date on which venue "attaches;" that is, when must the facts establishing venue exist? Evidence and argument were heard on August 29, 1997. Based on the evidence and argument, the court holds that venue "attaches" on the date the suit is filed.

Plaintiff's claim arises out of an automobile accident which occurred on September 9, 1995. Suit was filed on February 4, 1997. Fuller and Giorgia Rusteau are the defendants. At the time of the accident, Fuller was employed by a company located in Chesterfield, but which often required him to work in Richmond. By the time suit was filed, Fuller had left that job and was employed in Fredericksburg. He had no contacts with Richmond. After suit was filed, he became employed at the University of Richmond, which is located in Richmond. He is still employed there. Rusteau has never had contacts with Richmond sufficient to establish venue here.

From the evidence and stipulations of counsel presented at the hearing, the court makes the following findings: First, the court finds that at the time of the accident, Fuller "regularly conduct[ed] affairs or business activity" in Richmond. *See* Va. Code § 8.01-262(3). Second, on the date suit was filed, Fuller had no contacts with or in Richmond sufficient to establish venue in Richmond. Third, at the present time, Fuller not only "regularly conducts affairs or business activity" in Richmond, his "principal place of employment" is here. Section 8.01-262(1). Fourth, venue in Richmond is appropriate as to Rusteau only if it is appropriate as to Fuller. *See* § 8.01-263(2). Because

Fuller had no contacts with or in Richmond on the day suit was filed, venue does not exist in Richmond.

With regard to Fuller's status at the time of the accident, the language of the various provisions of the permissible venue statute, § 8.01-262, makes it clear that such status is irrelevant. Specifically, those provisions, by the tense of the words in them, tell us those situations where we look to the past to determine venue. Place of employment and place of conducting affairs or business activity are not among them. For example, subsection 4 provides a venue "[w]herein the cause of action, or any part thereof, *arose*." Emphasis added.[1] Subsection 6 allows a suit against a fiduciary to be brought wherein such fiduciary *qualified*. Subsection 7 provides a forum for suits involving improper message transmission or misdelivery "wherein the message *was transmitted* or *delivered* or wherein the message *was accepted* for delivery or *was misdelivered*." By contrast, subsection 1 provides a venue "[w]herein the defendant *resides* or *has* his principal place of employment." Subsection 3 allows suit "[w]herein the defendant regularly *conducts* affairs or business activity." In other words, the legislature has drawn a clear distinction between those circumstances in which the court must look to the past to determine venue and those circumstances in which the court must look to the present. Indeed, the statute could very easily have provided venue wherein the defendant *resided* or *had* his or her principal place of employment when the cause of action arose, or wherein the defendant regularly *conducted* affairs or business activity at that time. Instead, those provisions of the statute are in the present tense. Accordingly, the court holds that the fact that Fuller regularly conducted affairs in Richmond at the time of the accident does not establish venue in Richmond.

With regard to Fuller's now being employed in Richmond, the statute is not quite as clear. In fact, no provision of § 8.01-262 speaks to circumstances which might occur in the future or after suit is filed. Still, the court holds that such future events are also irrelevant. Indeed, to hold otherwise would be to allow a defendant who resides or works in the place where suit is filed to "defeat" venue by moving or finding new employment outside of that forum. While it is hard to imagine that a defendant would go to such lengths to avoid a particular forum, that result would be possible if events occurring after suit is filed are determinative of venue. Because the court does not believe that the venue statute should be interpreted to allow that result and because the question of venue must be considered, at least by the plaintiff, when suit is filed, the court holds that the location of defendant's current employment is

---

[1] The emphasis in each of the quotations in this paragraph is added.

irrelevant to the venue question. Fuller's objection to venue is sustained, and the case will be transferred to Chesterfield County.[2]

---

[2] Va. Code § 8.01-265 allows the court to retain an action even if it is filed in an inappropriate forum, if good cause for retention is shown. Good cause for retention has not been shown here.