Present: Hassell, C.J., Keenan, Kinser, Lemons, Agee,[*] and Goodwyn, JJ., and Lacy, S.J.

BOARD OF ZONING APPEALS OF
FAIRFAX COUNTY

v. Record No. 071395                  OPINION BY SENIOR JUSTICE
                                         ELIZABETH B. LACY
BOARD OF SUPERVISORS OF                  September 12, 2008
FAIRFAX COUNTY

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

The sole issue in this appeal is whether the circuit court erred in dismissing a declaratory judgment action filed by the Board of Zoning Appeals of Fairfax County (BZA) against the Board of Supervisors of Fairfax County (Board of Supervisors) based on the court's conclusion that the BZA does not have the authority to institute litigation on its own behalf.

The BZA's declaratory judgment action was prompted by certain positions taken by the County regarding the BZA. In 2004, the Fairfax County Executive sent a letter to the BZA stating that the Board of Supervisors "will no longer pay for private legal counsel to represent the BZA and will not permit the County Attorney or his staff to represent the BZA" except when the BZA is alleged to have violated the Virginia Freedom of Information Act, Code §§ 2.2-3700 through -3714, or when

_____

[*] Justice Agee participated in the hearing and decision of this case prior to his retirement from the Court on June 30, 2008.

BZA members are sued individually in their official capacities. In a subsequent letter, the County Executive informed the BZA that it was not "authorized to hire private legal counsel to act in a capacity that is adverse to the interests of the Board of Supervisors . . . or the Zoning Administrator of Fairfax County." Prior to this time, the County Attorney or private counsel defended the BZA in certorari proceedings filed pursuant to Code § 15.2-2314. In 2005, the Fairfax County Attorney separately asserted in a letter to the then Chief Judge of the Nineteenth Judicial Circuit that, pursuant to Code § 15.2-2308(A), the Circuit Court of Fairfax County could not make appointments to the BZA without the concurrence of the Board of Supervisors.

In 2006, the BZA filed this declaratory judgment proceeding, seeking a declaration that the BZA was entitled to have the Board of Supervisors "appropriate and pay" litigation expenses and reasonable sums for legal counsel chosen by the BZA in certiorari proceedings pursuant to Code § 15.2-2314 and in "any litigation arising from the BZA's performance of its public functions." The BZA also sought a declaration that the Fairfax County Circuit Court could appoint members of the BZA without the concurrence of the Board of Supervisors. The Board of Supervisors filed a demurrer arguing, inter alia, that the BZA was a "creature of statute" and no statute

2

conferred upon the BZA the authority to sue the Board of Supervisors "or anyone else." The circuit court agreed with the Board of Supervisors, granted the demurrer and dismissed the declaratory judgment action. The BZA filed a timely appeal in this Court.

DISCUSSION

The sole issue on appeal - whether the BZA has the authority to file this declaratory judgment action - is an issue of law which we review de novo. Glazebrook v. Board of Supervisors, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003).

We have consistently held that boards of zoning appeals are "creatures of statute possessing only those powers expressly conferred." Board of Zoning Appeals v. Cedar Knoll, Inc., 217 Va. 740, 743, 232 S.E.2d 767, 769 (1977); Lake George Corp. v. Standing, 211 Va. 733, 735, 180 S.E.2d 522, 523 (1971). The BZA concedes that no Virginia statute expressly grants the BZA the authority to institute litigation on its own behalf. Nevertheless, the BZA argues that our decisions such as Cedar Knoll and Lake George are not dispositive of this issue. The BZA argues that under Dillon's Rule a public body derives its powers in three distinct ways - powers that are expressly authorized by statute, powers fairly or necessarily implied from the express powers, and powers that are essential and indispensable. The BZA argues that

3

while our decisions in Lake George and Cedar Knoll precluded a board of zoning appeals from acquiring a power by virtue of the second component or "corollary" of Dillon's Rule, that is, powers fairly or necessarily implied from expressed powers, neither case addressed the application of the third component or "corollary." The BZA identifies this third "corollary" as powers afforded a public body because such powers are essential and indispensable to the performance of the public body's duties. This "corollary" of Dillon's Rule, the BZA continues, was acknowledged in City of Portsmouth v. Virginia Railway and Power Co., 141 Va. 54, 61, 126 S.E. 362, 364 (1925), with regard to the powers of the State Corporation Commission, also a "creature of statute." That case, according to the BZA, provides the basis for concluding in this case that the BZA has the power to sue on its own behalf because such power is necessary and essential to enable the BZA to exercise the powers expressly granted it. We reject the BZA's position because it is based on a misperception of the "corollary" of Dillon's Rule and misapplication of City of Portsmouth.

City of Portsmouth did not involve a "corollary" to Dillon's Rule. In fact, Dillon's Rule was not mentioned in that case. The issue was whether the State Corporation Commission had the authority to abrogate an obligation imposed

4

under the terms of the franchise between the city and the Virginia Railway and Power Company, a public utility subject to the Commission's jurisdiction. City of Portsmouth, 141 Va. at 56-57, 126 S.E. at 362. In resolving the issue, the Court recited that the Commission's authority stemmed from constitutional and statutory grants but cautioned that those provisions should be liberally construed to give the Commission not only powers expressly granted, but also powers fairly implied from the language or necessary to allow exercise of expressly granted powers. Id. at 61, 126 S.E. at 364. Although this description of the Commission's powers is consistent with Dillon's Rule, the Court never characterized the grant of authority as derived from Dillon's Rule and ultimately held that the Commission did not have the express authority to abrogate the franchise obligation. Id. Therefore, our decision in City of Portsmouth does not support the position advanced by the BZA in this case.

More importantly, the BZA's interpretation of Dillon's Rule and its "corollary" is incorrect. Dillon's Rule provides that municipal corporations have only those powers that are expressly granted, those necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable. City of Chesapeake v. Gardner Enters., 253 Va. 243, 246, 482 S.E.2d 812, 814 (1997); accord Ticonderoga Farms

5

v. County of Loudoun, 242 Va. 170, 173-74, 409 S.E.2d 446, 448 (1991); City of Richmond v. Confrere Club of Richmond, 239 Va. 77, 79, 387 S.E.2d 471, 473 (1990). The corollary to Dillon's Rule does not refer to sources from which a municipal corporation derives its power but to the application of the rule to other public bodies such as boards of supervisors and school boards in addition to municipal corporations. See Board of Supervisors v. Horne, 216 Va. 113, 117, 215 S.E.2d 453, 455-56 (1975) (boards of supervisors); Kellam v. School Board, 202 Va. 252, 254, 117 S.E.2d 96, 98 (1960) (school boards). Therefore, the holding in Cedar Knoll and Lake George is that neither Dillon's Rule nor its corollary, that is the extension to other public bodies, are applied to boards of zoning appeals and such boards are limited to powers expressly granted.

In summary, the principle established in Cedar Knoll and Lake George, that boards of zoning appeals have only those powers expressly granted, is dispositive in this case. As the BZA concedes, the Virginia Code contains no express grant of authority allowing the BZA to institute litigation on its own behalf. Accordingly, we will affirm the judgment of the circuit court.

Affirmed.

6