## CIRCUIT COURT OF THE CITY OF RICHMOND

Jose Vega

v.

Natasha Matthews

March 10, 2009

Case No. CL08-3014

BY JUDGE BEVERLY W. SNUKALS

This case came before the court on Defendant's Motion to Transfer Venue. Briefs were filed, and argument was heard.

Plaintiff and Defendant were involved in an automobile accident on January 18, 2007, in the County of Henrico. At the time of the accident, Defendant was a resident of Henrico. At the time the action was filed, Defendant was a resident of Kentucky. Defendant waived service and filed an Answer and Objection to Venue.

Plaintiff chose Richmond as venue for the proceedings under Virginia Code § 8.01-262(2), as the Commissioner of the Department of Motor Vehicles has been appointed as Defendant's agent under Va. Code § 8.01-308. Defendant objected, arguing that the Commissioner of the Department of Motor Vehicles is not a proper agent because Defendant was a resident of the Commonwealth at the time of the accident.

Defendant cited *Jones v. Rusteau*, 43 Va. Cir. 311 (Richmond 1997), for the proposition that Va. Code § 8.01-262(2) only applies if the defendant was a non-resident at the time the cause of action arose. The Court, in *Rusteau*, opined that the tense of the words in the venue statute "tell us those situations where we look to the past to determine venue." *Id.* at 312. To illustrate, the Court pointed to Subsections 4, 6, and 7. Subsection 4 provides that venue is proper where the cause of action *arose*. Subsection 6 provides that venue is proper where a fiduciary *qualified*. Subsection 7 provides that venue is appropriate where a message was transmitted or was accepted for delivery.

On the other hand, Subsection 2, which Plaintiff argues provides for venue in this case, indicates that venue is proper where the defendant's agent *has been* appointed by law. As opposed to the past tense words used in Subsections 4, 6, and 7, the words "has been" are in the present perfect tense, "which denotes an action beginning in the past and continuing to the present," without identifying a specific time period. *Williams v. Augusta County School Board*, 248 Va. 124, 128 (1994). *See also Poirier v. Zoning Bd. of Appeals*, 75 Conn. App. 289, 296 (Conn. App. 2003) (In finding that "has had" is the present perfect tense of the past tense word "had," the Court stated that use of the present perfect tense "indicates an action or condition that was begun in the past and is still going on or was just completed in the present."); *Matter of Adoption of N.J.A.C. 711*, 291 N.J. Super. 183, 191 (App. Div. 1996) ("Grammatically, 'has been located' is the present perfect tense, which expresses an action completed by the present time, although when it was completed is not determined."); *Burdge v. Palmateer*, 338 Ore. 490, 498 (2005) (" 'Has been convicted' is present perfect tense, indicating that the earlier conviction may have taken place at any time before the present. . . .").

Accordingly, while it is necessary under Va. Code § 8.01-262(2) that the agent be appointed at the time venue is determined, it is not necessary that the agent be appointed at the time of the accident. The statute's clear distinction between "was" and "has been" indicates that the legislature did not intend for Subsection 2 to be a circumstance where courts look to the facts as they were at the time of the accident to determine venue. Otherwise, Subsection 2 would provide for venue where the defendant's agent *was* appointed by law.

Moreover, Va. Code § 8.01-308, which appoints the Commissioner as the statutory agent for nonresident motorists, specifically provides for those drivers who were residents of the Commonwealth at the time of the accident and later became nonresidents by offering an alternate definition of nonresident. This definition is found in Va. Code § 8.01-307 and includes "any person against whom an order of publication may be issued under the provisions of § 8.01-316."

The substantive provisions of Va. Code § 8.01-316 allow for publication against a nonresident individual. Defendant, in her Memorandum in Support of Defendant's Objection to Venue and Motion to Transfer, admits she was a nonresident at the time the action was filed. In light of that fact, Defendant qualified as one against whom an order of publication could have been issued by complying with the procedural requirements of the statute. As such, Defendant was considered a nonresident motorist for the purposes of Va.

Code § 8.01-308, which means that the Commissioner of the Department of Motor Vehicles "has been" appointed as her agent by operation of the law, making venue in Richmond appropriate.

For these reasons, Defendant's Motion to Transfer Venue is denied.