## CIRCUIT COURT OF THE CITY OF RICHMOND

William M. Duncan, Jr., et al.

v.

Boyce E. Brannock et al.

March 10, 2009

Case No. CL08-5099

BY JUDGE MELVIN R. HUGHES, JR.

In this case, where the defendant law firm and defendant lawyer member have objected to venue, the parties agree that resolution of the issue is confined to whether the defendants or one of them "regularly conducts substantial business activity in Richmond" pursuant to Va. Code § 8.01-262(3).

The testimony of one of the law firm partners revealed that 40% of his practice is workers' compensation. His involvement consists of handling appeals representing employers before the Workers' Compensation Commission. Though the Commission is based in Richmond, the witness testified that most hearings involving his appearance occur at the Commission's regional offices in Harrisonburg and Winchester. Appearances before the Commission in Richmond and before the Virginia Court of Appeals are infrequent because of the regional hearings and because the Court of Appeals decides most of the cases before it by summary disposition on brief without argument. Otherwise, there is agreement that the law firm does appear in Richmond in connection with cases before the United States Court of Appeals, Fourth Circuit, the Virginia Supreme Court, the Virginia Court of Appeals, the United States District Court for the Eastern District of Virginia, and various state agencies. Attached to plaintiff's memorandum in opposition

is an answer to a discovery interrogatory listing visits to Richmond by the law firm for the past ten years. In addition to appearances in the various Richmond courts, the answer lists appearances for depositions and Continuing Legal Education and association meetings. For example, in 2008, the year this action was filed (November 7, 2008), there were no appearances in the Richmond Circuit Court, two in Federal Court, one in the Virginia Supreme Court, three before administrative agencies, five depositions, one CLE, and four association meetings. There is no evidence regarding the activities of the individual defendant in Richmond.

This court has held that the focal time for assessing venue for purposes of conducting business is the date the action is filed. *Jones v. Rusteau*, 43 Va. Cir. 311 (City of Richmond, 1997); *Taylor v. Schial*, 23 Va. Cir. 486 (City of Richmond, 1991). This does not deprive either party from showing what has been done historically to assess whether the business activity is regular or whether the contacts are substantial at that time. Rather, such evidence is helpful, though not necessarily determinative in resolving what the situation was at the focal time. In those instances, as here, where the statute speaks in the present tense, i.e. "*conducts* . . . business activity," venue revolves ultimately around the filing date. (In other instances, such as e.g. where the cause of action arose under Va. Code § 8.01-262(4), the analysis is solely on the past because the statute is in the past tense. See *Jones v. Rusteau, supra*.) Here, the evidence does not support that the defendants conduct business here regularly. It appears that the firm and its members come here as needed. Regularly means doing business in a steady, methodical, uniform way. See *Meyer v. Brown*, 256 Va. 53, 500 S.E.2d 807 (1998).

The Court will sustain defendants' objection to venue and order that the case be transferred to the Circuit Court of the City of Staunton, a proper venue.