PRESENT:  Kinser, C.J., Lemons, Millette, Mims, McClanahan, and Powell, JJ., and Lacy, S.J.

JULIETTE PAYNE

OPINION BY
v.    Record No. 140145            JUSTICE WILLIAM C. MIMS
                                   October 31, 2014
FAIRFAX COUNTY SCHOOL BOARD


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge


In this appeal, we consider whether Code § 22.1-315(A) requires a school board to hold a hearing prior to suspending a non-teaching employee without pay for fewer than five days.

I.    BACKGROUND AND MATERIAL PROCEEDINGS BELOW

The Fairfax County School Board employed Juliette Payne as a Food and Nutrition Services Manager at Twain Middle School. In December 2011, Payne's supervisor recommended that she be suspended without pay for three days for allegedly violating Fairfax County Public Schools ("FCPS") regulations.  In January 2012, the Director of Employee Performance and Development confirmed the supervisor's recommendation and ordered Payne's unpaid suspension.

Payne filed a grievance challenging the suspension pursuant to the procedure established in FCPS regulations.  She asserted that the suspension was improper because Code § 22.1-315(A) requires school boards to conduct a hearing before

suspending an employee without pay.[1] She sought, among other things, an award of back pay for all suspension days served and the cancellation of all pending suspension days.

Payne's grievance proceeded through five levels of administrative review, culminating in a ruling upholding the suspension on the ground that the grievance procedure was not the correct vehicle through which to assert that it violated state law. She thereafter withdrew her grievance.

In April 2013, Payne filed an amended complaint in the circuit court seeking a declaratory judgment that Code § 22.1-315(A) requires school boards to conduct a hearing prior to suspending an employee without pay. The parties stipulated facts and filed cross-motions for summary judgment. Following a hearing,[2] the court ruled that the section applies only to suspensions based either on threats to the safety or welfare of the school division or the students, or on charges for specified crimes. It concluded that Code § 22.1-315(A) did not require the school board to conduct a hearing before Payne was suspended without pay because her suspension was based on

---

[1] She subsequently withdrew an additional ground.

[2] At the hearing, the parties also stipulated that Payne's supervisor had recommended a second, five-day suspension without pay on May 13, 2013. Nothing in the record reveals whether the Director of Employee Performance and Development confirmed the recommendation and ordered this second suspension.

allegations of poor work performance.  It also concluded that the section does not require a hearing when a school employee is suspended without pay for five or fewer days.  It therefore granted the school board's motion for summary judgment.

We awarded Payne this appeal.

## II.  ANALYSIS

In her first assignment of error, Payne asserts that the circuit court erred because the plain language of Code § 22.1-315(A) requires a school board hearing before any employee is suspended without pay for any reason.  In her second assignment of error, she asserts that the court erred by ruling the section does not require a hearing before an employee is suspended without pay for five or fewer days.

We review a lower court's interpretation of a statute de novo.  Eberhardt v. Fairfax County Emps. Ret. Sys. Bd. of Trs., 283 Va. 190, 194, 721, S.E.2d 524, 526 (2012).  Code § 22.1-315(A) states:

> A teacher or other public school employee, whether full-time or part-time, permanent, or temporary, may be suspended for good and just cause when the safety or welfare of the school division or the students therein is threatened or when the teacher or school employee has been charged by summons, warrant, indictment or information with the commission of a felony [or a specified misdemeanor].  Except when a teacher or school employee is suspended because of being charged by summons, warrant,

3

indictment or information with the commission of one of the above-listed criminal offenses, a division superintendent or appropriate central office designee shall not suspend a teacher or school employee for longer than sixty days and shall not suspend a teacher or school employee for a period in excess of five days unless such teacher or school employee is advised in writing of the reason for the suspension and afforded an opportunity for a hearing before the school board in accordance with §§ 22.1-311 and 22.1-313, if applicable.  Any teacher or other school employee so suspended shall continue to receive his or her then applicable salary unless and until the school board, after a hearing, determines otherwise.  No teacher or school employee shall be suspended solely on the basis of his or her refusal to submit to a polygraph examination requested by the school board.

Payne argues that the second and third sentences contain the language relevant to this case.  She acknowledges that the phrase "so suspended" makes the third sentence no broader than the second sentence.  She argues that the second sentence prohibits the suspension of a "teacher or school employee for a period in excess of five days unless such teacher or school employee is . . . afforded an opportunity for a hearing before the school board," except when the suspension is based on a charge for one of the specified crimes.  She concludes that the third sentence consequently requires any employee suspended on any ground other than one of the specified criminal charges to be paid until the school board determines otherwise after a

4

hearing.  We need not reach this argument because Payne was not suspended for more than five days.

"'When the language of a statute is unambiguous, we are bound by the plain meaning of that language.  Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.'"  Lucas v. Woody, 287 Va. 354, 360, 756 S.E.2d 447, 449 (2014) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).  Absurdity "describes 'situations in which the law would be internally inconsistent or otherwise incapable of operation.'"  Covel v. Town of Vienna, 280 Va. 151, 158, 694 S.E.2d 609, 614 (2010) (quoting Boynton v. Kilgore, 271 Va. 220, 227 n.9, 623 S.E.2d 922, 926 n.9 (2006)).

The phrase "so suspended" in the third sentence of Code § 22.1-315(A) refers to suspensions encompassed by the second sentence.  The second sentence deals only with suspensions "for a period in excess of five days."[3]  It prohibits suspensions for longer than 60 days, and requires a hearing before a suspension

_____

[3] The second sentence does not apply to suspensions based on the criminal charges specified in the first sentence. Consequently, the third sentence does not apply to them either. Because such suspensions are not within the scope of the question before us in this appeal, they are not affected by our holding.

5

lasting between six and 60 days. It does not require a hearing for a suspension lasting five or fewer days. Accordingly, whether the second sentence applies to all suspensions (as Payne asserts) or only to those based on threats to the safety or welfare of the school division or the students (as the circuit court ruled), the phrase "so suspended" in the third sentence means that a hearing is necessary only when the teacher or school employee is suspended without pay for more than five days.[4]

Payne cites an opinion of the Attorney General, 1982-83 Op. Atty. Gen. 417, and a federal district court opinion adopting its rationale, Wilkinson v. School Bd. of County of Henrico, 566 F. Supp. 766, 772-73 (1983), to contend that the third sentence requires a hearing prior to an unpaid suspension of any duration. These authorities are not controlling. Williams v. Augusta County Sch. Bd., 248 Va. 124, 127, 445 S.E.2d 118, 120 (1994) (opinions of the Attorney General); Gazette, Inc. v. Harris, 229 Va. 1, 20, 325 S.E.2d 713, 728 (1985) (opinions of federal courts on questions of state law). Virginia courts do not defer to an interpretation of a statute, such as the one in the Attorney General's opinion, that

---

[4] This conclusion does not affect any hearing rights that may be provided to teachers and other employees through other statutes, their contracts, or regulations adopted by the school board.

contradicts the plain language of the statute. See Davenport v. Little-Bowser, 269 Va. 546, 555, 611 S.E.2d 366, 371 (2005).

Payne argues this interpretation endangers the due process rights of teachers. However, she has no standing to argue the due process rights of teachers. Any due process rights she may have had as a non-teaching employee were fulfilled by the grievance process. See Gilbert v. Homar, 520 U.S. 924, 932 (1997) (recognizing that a temporary suspension without pay may trigger due process rights); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (holding due process requires notice and an opportunity for a hearing).

Finally, Payne asserts in her third assignment of error that school boards have no authority to suspend non-teaching employees other than Code § 22.1-315 and her suspension therefore violates the Dillon Rule. We again disagree.

"Dillon's Rule provides that municipal corporations have only those powers that are expressly granted, those necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable." Board of Zoning Appeals v. Board of Supervisors, 276 Va. 550, 553-54, 666 S.E.2d 315, 317 (2008). A corollary of the rule extends this limitation to school boards. Id. at 554, 666 S.E.2d at 317 (citing Kellam v. School Board, 202 Va. 252, 254, 117 S.E.2d 96, 98 (1960)).

7

However, Code § 22.1-28 vests school boards with authority to supervise the schools in their school divisions. The power to discipline school employees is not only necessarily and fairly implied from this provision, such power is essential and indispensable. Further, Code § 22.1-79(6) presupposes that school boards have it.

## III. CONCLUSION

For the foregoing reasons, we hold that Code § 22.1-315(A) does not require a school board to hold a hearing before suspending a non-teaching employee without pay for fewer than five days. Because Payne was not suspended for more than five days, we do not reach the question of whether the section applies to all suspensions or only to those based on threats to the safety or welfare of the school division or the students. We will affirm the judgment of the circuit court.

Affirmed.