Present:  All the Justices

ROBERT E. MEYER

OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 971876                    June 5, 1998

REGINALD D. BROWN

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge


In this appeal of a judgment in favor of a plaintiff in a personal injury action, the dispositive question is whether the trial court erred in overruling the defendant's objection to venue.

In October 1994, appellee Reginald D. Brown, the plaintiff below, was injured in a collision in Prince George County between a motorcycle he was operating and a motor vehicle driven by appellant Robert E. Meyer, the defendant below.  In October 1996, the plaintiff filed the present negligence action against defendant in the Circuit Court of the City of Richmond seeking recovery in damages for his injuries.

The defendant filed an objection to venue and moved the trial court to transfer the action to either the Circuit Court of Prince George County or the Circuit Court of Chesterfield County.  The defendant asserted that venue was not proper in the  City of Richmond because the accident happened in Prince George County and defendant "resides and works in Chesterfield County."  Following a hearing, at which the parties presented defendant's deposition on the issue, the trial court overruled the objection.

The case proceeded to trial before a jury, which fixed plaintiff's damages at $1 million. The court entered judgment on the verdict and we awarded defendant this appeal.

Defendant assigns three errors, but we shall discuss only the second: "The court erred in ruling that [defendant] was subject to venue in the City of Richmond when the accident sued upon happened in Prince George County and [defendant] lived and worked in Chesterfield County."

Code § 8.01-260 provides, as pertinent to this appeal, that "the venue for any action shall be deemed proper only if laid in accordance with the provisions of §§ 8.01-261 and 8.01-262." Code § 8.01-261, enumerating forums deemed "preferred" places of venue, is inapplicable here.

Code § 8.01-262, enumerating "permissible" forums, applies. In subsection (3), the statute provides that a permissible forum shall be a county or city "[w]herein the defendant regularly conducts affairs or business activity." The question then becomes whether, under the facts presented, this defendant regularly conducted affairs or business activity in the City of Richmond.

According to defendant's deposition testimony, given upon examination by plaintiff's attorney, defendant was a 20-year employee of Tredegar Industries, which is "basically an aluminum and plastics company." The defendant, a resident of Chesterfield County, had worked at the company's Chesterfield County business

2

location since 1989. He was Tredegar's "insurance manager," administering company property and casualty insurance. Defendant's employer owned no facility within the City of Richmond.

Defendant's employment required him "to go into" the City "[o]n occasion" to confer with two separate insurance brokers, which maintained offices within the City. He would visit one broker "[n]ot more than once a year" and would "be in the office" of the other "[m]aybe six times during the year." Visits to the brokers were "spaced out" during the year but occurred "a little more often in the fall" in connection with discussions regarding January 1 renewals of insurance contracts. Defendant's job duties also required him to attend insurance seminars "perhaps" three times a year at private clubs within the City.

Defendant also testified he travelled through the City "[t]wice a year, perhaps" on "pleasure" trips en route to Northern Virginia to visit a son. Additionally, he said, he was "in the City of Richmond either to pass through or stop somewhere for whatever reason no more than four or five times in a year on average."

According to the testimony, defendant "never" enters the City for entertainment, for "shopping," or for medical attention. He belongs to no professional or social organizations located within the City and he has not been in the City "within the last two years at any time for a social or recreational purpose of any kind."

3

Urging affirmance of the judgment, the plaintiff argues the trial court did not abuse its discretion in retaining venue. According to plaintiff, the "deposition transcript describes uniform business activities and affairs that the defendant conducts on a regular basis within the City of Richmond." Elaborating, plaintiff contends "defendant's activities in the City of Richmond are usual and customary by occurring approximately once per month for business purposes in addition to six or seven visits per year for personal affairs, occur at regular intervals because they are evenly distributed throughout the year, and are regular in destination because his almost monthly trips pursuant to his employment are to one of two businesses on seven occasions and to one of two clubs for educational seminars on the remaining occasions, such that these routine activities are clearly 'regular' business activity or affairs, according to the plain language of Virginia Code § 8.01-262(3)." We disagree.

An objection to venue is addressed to the sound discretion of the trial court, and the court's action in overruling the objection will not be reversed on appeal unless the record affirmatively reflects an abuse of discretion. See Norfolk and W. Ry. Co. v. Williams, 239 Va. 390, 392, 389 S.E.2d 714, 715 (1990). The party objecting to venue has the burden of establishing that the chosen venue is improper. The defendant has met that burden in this case, even though the facts were developed by the plaintiff.

4

In plain language, the General Assembly has specified that permissible venue under these circumstances shall be in the county or city "[w]herein the defendant regularly conducts affairs or business activity." The customary meaning of the noun "affairs" in this context is, "commercial, professional, or public business," Webster's Third New International Dictionary 35 (1971), and "[a] person's concerns in trade or property; business," Black's Law Dictionary 57 (6th ed. 1990). The term refers to employment-related or personal business dealings as opposed to activity that is purely personal, such as recreational pursuits. Therefore, the evidence of defendant's pleasure trips through the City to visit a son and of his passing through the City or stopping there "for whatever reason" fails to demonstrate that defendant "conducts affairs or business activity" within the City.

Thus, the issue remains whether evidence of defendant's seven visits per year to insurance brokerage firms and three appearances per year at business seminars qualifies under the statute as "regularly" conducting affairs or business activity within the City. We hold it does not.

The customary meaning of the adverb "regularly" in this context is, "in a regular, orderly, lawful, or methodical way," Webster's 1913. The customary meaning of the adjective "regular" in this context is, "Steady or uniform in course, practice, or occurrence; not subject to unexplained or irrational variation."

Black's 1285.  Indeed, we have said, "In common parlance, a 'regularly' employed person is one required to work every working day.  Similarly, a person 'regularly required to perform service at night' is one required to work at night every working day."  Gomes v. City of Richmond, 220 Va. 449, 452, 258 S.E.2d 582, 584 (1979).  Regular action is more frequent than casual or occasional action.

The evidence shows that defendant's activity within the City of Richmond on behalf of his employer was merely casual or occasional, and not conducted in an orderly, methodical way.  Significantly, defendant said he was required to enter the City "on occasion" to confer with the brokers, these sporadic visits being "spaced out" during the year but occurring "more often in the fall."  In sum, defendant's activity in the City was not so frequent as to be performed "regularly" within the meaning of § 8.01-262(3).

Accordingly, because the record affirmatively reflects the trial court abused its discretion in refusing to sustain defendant's objection to venue, the judgment appealed from will be reversed and the case will be remanded for a new trial.  Upon remand, the trial court shall conduct a hearing and shall order this action transferred to either Prince George County or Chesterfield County, in accordance with the provisions of Code § 8.01-264.

Reversed and remanded.