## CIRCUIT COURT OF BUCHANAN COUNTY

Ervin B. Davis & Co., Inc.

v.

Department of
Criminal Justice Services

August 19, 1999

BY JUDGE KEARY R. WILLIAMS

This matter is before the Court upon Complainant's request for Declaratory Judgment. Having reviewed briefs submitted by both parties and having heard oral arguments on April 14, 1998, this Court now renders its opinion as follows.

The issues presented by counsel are whether the Ervin B. Davis & Co., Inc., is a private security services business as defined in Virginia Code § 9-183.1 that must be licensed through the Department of Criminal Justice Services pursuant to Code § 9-183.3, and if so, whether the company qualifies for the exception to the license under § 9-183.2(7).

The Virginia legislature authorized the Virginia Criminal Justice Services Board to establish and promulgate regulations regarding licensing, registration, and training of the private security services industry. Va. Code Ann. § 9-182; *Cox v. Commonwealth of Va.*, 139 F.3d 984 (4th Cir. 1998). The policy and purpose of the section is "to secure the public safety and welfare against incompetent or unqualified persons engaging in the activities regulated." Va. Code Ann. § 9-182(A). Sections 9-183.1 *et seq.* were given effect as of July 1, 1993, and provide specific legislation regarding the private security service industry.

Interpretation of §§ 9-183.1, 9-183.2(7), and 9-183.3 is determinative in this suit. Since this is the first such case requiring interpretation of these sections, no legal precedent exists. Thus, the Court must interpret the meaning of the provisions.

Legislative intent is determined from unambiguous statutory language that has a plain meaning. *Marsh v. City of Richmond*, 234 Va. 4, 360 S.E.2d 163 (1987) (citing *Contractors v. Sedwick Building Supply Co.*, 219 Va. 244, 25-51, 247 S.E.2d 380, 384 (1978)). If the statutory language has a plain meaning, the rules of construction do not apply. If the words are clear, a court may not resort to extrinsic facts to interpret the statute but must "take the words as written" and give them their plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). This Court finds that the statute does not impart ambiguous language and, therefore, proceeds to apply the provisions in issue in accordance with their plain meaning.

The Code requires businesses who "engage in the private security service business or solicit private security business in the Commonwealth" to be licensed. Va. Code Ann. § 9-183.3(A). In addition, persons employed by licensed private security services as private investigators must be registered with the Department. Va. Code Ann. § 9-183.3(C). The requirements are subject to the exceptions contained in § 9-183.2.

Complainant's first contention concerns classification of Ervin B. Davis & Co., Inc., as a private security services business as defined in § 9-183.1 which must be licensed under § 9-183.3. Section 9-183.1 defines a private security services business in part as "any person engaged in the business of providing, or who undertakes to provide ... private investigators ... to another person under contract, express or implied." Significant in application of this definition are the definitions of "person" and "private investigator" as defined under the same Code section. A "person" is "any individual, group of individuals, firm, company, corporation, partnership, business, trust, association, or other legal entity." Va. Code Ann. § 9-183.1.

"Private investigator," as defined by § 9-183.1 at the time this suit was filed, incorporated the term "persons" which includes "any individual, group of individuals, firm, company, corporation, partnership, business, trust, association, or other legal entity." See Va. Code Ann. § 9-183.1. However, subsequent to that time, the Virginia legislature elected in 1998 to amend the definition of "private investigator" to refer to natural persons only. In light of that amendment, this Court recognizes that "private investigator" includes only natural persons prior to the amendment, since the amendment clarifies the legislature's intent and purpose of the phrase. Therefore, the Ervin B. Davis & Co., Inc., and its affiliates, as non-natural persons, are not a private investigator subject to registration under the Code. However, any employees of the company who qualify as private investigators under the Code definition, including the proprietor, are subject to the registration requirement.

Section 9-183.3(A) mandates that "[n]o person shall engage in the private security service business or solicit private security business in the Commonwealth without having obtained a license from the Department." The section refers to "person" which includes individuals and corporations under the statutory definitions. In view of the activities in which the corporation engages as evidenced by the Plaintiff's answers to Defendant's Interrogatories and as described by the company's advertisements, including the web page information submitted, this Court finds that the Complainant's activities comport with the statutory definition of a private security services business. The Court notes that the Company's percentage of surveillance investigations comprises a small part of total business activities. However, the statute clearly applies to those who "engage in ... or solicit private security business in the Commonwealth." Va. Code Ann. § 9-183.3(A) (emphasis added). In addition, the statute makes no reference to a quantity of private security services in which the business must engage before the statute applies. Therefore, this Court finds that Ervin B. David & Co., Inc., falls under § 9-183.3(A) licensing requirements.

However, the licensing requirements are subject to the exceptions as set forth under § 9-183.2. Of significance here is the exception in § 9-183.2(7) which exempts "[p]ersons who are regularly employed to investigate accidents or to adjust claims and who do not carry weapons in the performance of their duties." "Persons" here, again, includes corporations and companies. See Va. Code Ann. § 9-183.1.

The Court determines that the language of this exception is plain and unambiguous. In *Gomes v. City of Richmond*, 220 Va. 449, 258 S.E.2d 582 (1979), the Virginia Supreme Court stated that "[i]n common parlance, a 'regularly' employed person is one required to work every working day." Further, the Court noted that "regularly" should be given its ordinary sense in the context used because "[n]on-technical words in statutes are taken to have been used in their ordinary sense and acceptation." *Id.* (citing *Board of Supervisors v. Boaz*, 176 Va. 126, 130, 10 S.E.2d 498, 499 (1940)). Moreover, *Black's Law Dictionary* 1286 (6th ed. 1990) defines "regularly" as "in accordance with some consistent or periodical rule or practice." In *Meyer v. Brown*, 256 Va. 53, 500 S.E.2d 807 (1998), the Supreme Court commented upon the use of "regularly" in a statute. Absent any statutory definition of the term, the Supreme Court recognized the customary meaning of the adverb "regularly" as defined in Webster's Dictionary as meaning "in a regular, orderly, lawful, or methodical way." The Supreme Court also relied upon its former ruling regarding the term "regularly employed" in *Gomes. Id.* at 57.

The Court determined that regular action in conducting business activity "is more frequent than casual or occasional action." *Id.*

Following the Supreme Court's logic in determining the plain meaning of "regularly" and having read the list of exceptions in conjunction with the entire statute, this Court finds that Ervin B. Davis & Co., Inc., qualifies for the exception in subsection 7. The company primarily investigates and adjusts claims with regularity. Since its inception in 1989, the company's activities focus upon claims adjustment. The company performed only five special issue investigations and one surveillance in that time frame while it adjusted approximately 13,217 claims. (Davis Affidavit ¶ 3.) Applying the plain meaning of "regularly employed," the company demonstrates regular employment for purposes of claims adjustment. Application of the term in this fashion comports with the Supreme Court's previous rulings in *Gomes* and *Cox* with regards to the plain or customary meanings of "regularly" and "regularly employed."

The Company also meets the second qualifying portion of the exception. The section also requires that such regularly employed persons not carry weapons in order to qualify for the exemption. The Company employees do not carry weapons in performing their duties and, therefore, meets this requirement. (Davis Affidavit ¶ 4.)

In conclusion, upon review of all submitted materials and having heard oral arguments, this Court finds that Ervin B. Davis & Co., Inc., falls under Virginia Code § 9-183.3 but is exempt from that licensing requirement under § 9-183.2(7). Therefore, this Court grants the Complainant's request for a Declaratory Judgment to this effect.

Having issued a ruling regarding the Declaratory Judgment requested by the Complainant, the Summary Judgment Motions presented by the parties are mooted.