# CIRCUIT COURT OF THE CITY OF RICHMOND

.Margaret Cleere

v.

Petsmart, Inc.

June 17, 2004

Case No. LS-628-1

BY JUDGE MELVIN R. HUGHES, JR.

In this slip and fall case, plaintiff alleges she was injured while visiting a defendant Petsmart store in Henrico County. Petsmart objects to venue asking for the case to be transferred to the Henrico County Circuit Court.

By agreement, the parties deposed Mark Clements, manager of the store, on the issue of venue. During argument on the objection, plaintiff relied on that part of Clements's testimony concerning Petsmart's advertising. The court took the matter under advisement in order to read the deposition and to read *Meyer v. Brown*, 256 Va. 53 (1998), a case about venue.

In summary, Clements testified that his company engages in four types of advertising: (1) telephone book, (2) direct mailing, (3) fliers, and (4) radio and perhaps other media consisting of television and the internet. During argument, counsel for plaintiff placed much emphasis on the direct mailings as the basis for venue as doing business in Richmond. After reading the deposition, the court finds that defendant has discharged its burden of proof that venue does not properly lie in Richmond. Any telephone book, fliers, and media advertising, as related by Clements is so indefinite and uncertain that it cannot form a basis for venue here, i.e., regularly conducting business as set forth in Va. Code § 8.01-262. It is indefinite because it is aimed at the public at large and uncertain because Clements really could not relate how extensive it is or whether it actually occurs in all instances. This goes as well to direct mailings, or mailings to specific customers by name and address. Upon reflection, while the court can see that this form of advertising could support venue in Richmond, the testimony established that this involvement

is so unspecified as to be *de minimis. See Evans's Admin. v. Hadad,* 1 Va. Cir. 507 (1984).

The case of *Meyer v. Brown,* 256 Va. 53 (1998), does not offer anything on the question of business as it relates to advertising. It describes what "business" is for purposes of venue, which could include direct mailing on more evidence.

The motion is granted.