PRESENT:  All the Justices

JAMES BERNARD BARNETT

v.  Record No. 051091   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                         January 13, 2006
STEPHEN L. KITE

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   Melvin R. Hughes, Jr., Judge

     In this appeal, we decide whether the circuit court erred

in overruling the defendant's objection to venue.

     In December 2000, James B. Barnett was involved in a

physical altercation with Stephen L. Kite.  The incident

occurred near Kite's residence in Powhatan County.  Kite later

filed a motion for judgment against Barnett in the Circuit Court

of the City of Richmond (the circuit court), alleging that

Barnett "assaulted and battered" him causing severe and

permanent injuries.

     Barnett filed an objection to venue and motion to transfer

the action to Powhatan County.  He asserted that the City of

Richmond was not a proper venue because the incident occurred in

Powhatan County where Kite resided, and Barnett lived in

neighboring Chesterfield County and owned real property in

Powhatan County.  Barnett further maintained that all the

potential witnesses resided in or near Powhatan County and

Chesterfield County.  Additionally, Barnett asserted that he did

not have sufficient contacts with the City of Richmond, did not

own property in Richmond, and did "not individually regularly conduct business in the City of Richmond as that term has been construed" by this Court.

In November 2003, the circuit court conducted a hearing on Barnett's objection to venue.[1] Kite argued that venue was proper in the City of Richmond, relying on Barnett's status as majority shareholder of Barnett's Heating & Air Conditioning Inc. (BHAC), a closely held Virginia corporation that conducts certain business in Richmond.

BHAC, which was not a party to the present action, is in the business of installing and servicing heating and air conditioning equipment. BHAC primarily provides services to customers in Chesterfield and Powhatan Counties and maintains offices in both these locations. Barnett holds 51 percent of BHAC's shares, and his wife holds the remaining 49 percent.

The evidence presented at the hearing focused on the two-year period before the motion for judgment was filed. That evidence showed that BHAC obtained equipment and other items on a daily basis from two major suppliers in the City of Richmond, and that about five percent of BHAC's customers were located in the City of Richmond. Additionally, BHAC advertised its

---

[1] Barnett's objection to venue was heard and decided by another judge in the circuit court.

business in the Richmond area in the "Verizon SuperPages" telephone directory and in some local radio commercials.[2]

The evidence also showed that Barnett was the president of BHAC and worked for the corporation about four days per week in a "supervisory" role. Barnett testified that "I go in and make sure everyone shows up for work and then make sure everything is working okay and everybody's going and doing what they are supposed to do." Barnett further stated that he had not done any work or made any service calls in the City of Richmond during the two-year period in question.

Barnett also testified that he did not make any other business-related visits to the City of Richmond, nor did he personally conduct any business with BHAC's Richmond-based suppliers. Finally, Barnett stated that his only personal contacts with the City of Richmond consisted of meetings with his lawyers concerning this action.

Kite argued that Barnett's business relationship with BHAC provided a sufficient basis for venue in the City of Richmond, despite the fact that Kite's action was filed against Barnett personally. The circuit court denied Barnett's objection to venue, holding that venue was proper in the City of Richmond

---

[2] The record is unclear regarding the frequency of the radio advertisements.

because BHAC advertised its business in media that reached the City's general population.

The case proceeded to trial before a jury, which awarded Kite $260,000 in compensatory damages and $25,000 in punitive damages. This appeal followed.

Barnett argues that the circuit court abused its discretion when it overruled his objection to venue. Former Code § 8.01-262(3) (2000), in effect when the circuit court made its ruling in this case, provided that venue is proper in any county or city "[w]herein the defendant regularly conducts affairs or business activity."[3]

Barnett asserts that the circuit court erroneously treated Barnett and BHAC as "one and the same." Barnett observes that corporations, including those that are closely held, are entities separate and distinct from their individual stockholders. Therefore, he contends that any business activity BHAC conducted in the City of Richmond could not be imputed to him for purposes of venue in a matter pending against him personally.

In response, Kite argues that Barnett's status as BHAC's majority shareholder and his frequent participation in BHAC's

---

[3] Code § 8.01-262 was amended in 2004. The current statute provides that venue is proper in any county or city "[w]herein the defendant regularly conducts *substantial* business activity." Code § 8.01-262(3) (Supp. 2005) (emphasis added).

business affairs resulted in a "near identity of management and ownership" of the corporation.  Kite asserts that based on Barnett's relationship to the corporation, BHAC's activities were attributable to Barnett for purposes of determining venue.  Thus, Kite contends that Barnett regularly conducted "business activity" in the City of Richmond through BHAC's employees and agents, and that the circuit court correctly determined that the City of Richmond was a proper venue for trial of this action.  We disagree with Kite's arguments.

A defendant's objection to venue is a matter submitted to the circuit court's sound discretion, and the court's decision in overruling such an objection will not be disturbed on appeal unless the record shows an abuse of that discretion.  Meyer v. Brown, 256 Va. 53, 56-57, 500 S.E.2d 807, 809 (1998); Norfolk and W. Ry. Co. v. Williams, 239 Va. 390, 392, 389 S.E.2d 714, 715 (1990).  Barnett, as the party objecting to Kite's choice of venue, had the burden of establishing that Kite's chosen forum was improper.  Meyer, 256 Va. at 57, 500 S.E.2d at 809.

The venue provision on which Kite relies is one of several tests for "permissible" forums set forth in former Code § 8.01-262.  The particular statutory standard at issue here, "[w]herein the defendant regularly conducts affairs or business activity," is stated in plain and unambiguous language.  See former Code § 8.01-262(3); Meyer, 256 Va. at 57, 500 S.E.2d at

5

809. Thus, our decision is determined by the plain meaning of that language. See Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 439, 621 S.E.2d 78, 86-87 (2005); Woods v. Mendez, 265 Va. 68, 74-75, 574 S.E.2d 263, 266-67 (2003).

This statutory standard unambiguously refers to the affairs or business activity conducted by "the defendant," not to the affairs or business activity conducted by a corporation in which the defendant is a majority shareholder. This distinction is a critical one because the defendant in the present action is Barnett in his personal capacity, not BHAC.

As we have stated, " 'the proposition is elementary that a corporation is a legal entity entirely separate and distinct from the shareholders or members who compose it.' " C.F. Trust, Inc. v. First Flight Ltd. P'ship, 266 Va. 3, 9, 580 S.E.2d 806, 809 (2003) (quoting Cheatle v. Rudd's Swimming Pool Supply Co., 234 Va. 207, 212, 360 S.E.2d 828, 831 (1987)); accord Bogese, Inc. v. State Highway and Transp. Comm'r, 250 Va. 226, 230, 462 S.E.2d 345, 348 (1995). This principle is applicable even when the corporation is owned totally by a single person, unless the corporation is held to be the alter ego, alias, stooge, or dummy of the individual shareholder. See O'Hazza v. Executive Credit Corp., 246 Va. 111, 115, 431 S.E.2d 318, 320-21 (1993); Cheatle, 234 Va. at 212, 360 S.E.2d at 831.

6

In the present case, the circuit court did not conclude that the corporate form of BHAC must be disregarded because BHAC was an alter ego, alias, stooge, or dummy of Barnett individually.  Therefore, for purposes of this venue determination, BHAC's activities in the City of Richmond are not attributable to Barnett even though Barnett had an active supervisory role in the corporation's business affairs.  Accordingly, our consideration is limited to the question whether there was evidence that Barnett personally conducted business activities and affairs on a regular basis in the City of Richmond.

We conclude that the record does not support such a finding.  The testimony established that during the two-year period before the motion for judgment was filed, Barnett had minimal personal contacts in Richmond and traveled there only occasionally to consult with his attorneys concerning this pending litigation.  Barnett's supervisory and other job-related activities were conducted at BHAC's facilities located in Chesterfield and Powhatan Counties.  This evidence failed to establish that Barnett personally conducted business activities or affairs on a regular basis in the City of Richmond.  Based on this record, we hold that the circuit court abused its discretion in refusing to sustain Barnett's objection to venue.

7

For these reasons, we will reverse the judgment appealed from and remand the case to the circuit court.  Upon remand, the circuit court shall conduct a hearing to determine the proper venue for a new trial and shall transfer this action for trial in that forum.

Reversed and remanded.