# CIRCUIT COURT OF THE CITY OF HOPEWELL

Steven W. Garland

v.

Shoosmith Bros., Inc.

August 13, 2007

Case No. CL07-146

BY JUDGE W. ALLAN SHARRETT

On July 29, 2005, the plaintiff, Steven W. Garland, delivered a truckload of liquid asphalt to the defendant, Shoosmith Bros., Inc. (Shoosmith), in Chesterfield, Virginia. Due to the defendant's alleged negligence, the plaintiff suffered personal injuries, loss of income, and other damages. The plaintiff filed a Motion for Judgment in the Circuit Court of the City of Hopewell on April 6, 2007. The defendant moved to transfer venue to Chesterfield County, where the cause of action arose and where it has its registered office. No officer of the defendant corporation lives in Hopewell, and the registered agent for Shoosmith is located in Chesterfield County.

In 2006, the defendant had a total of ten contracts with the City of Hopewell, totaling $51,000 in revenue. The total business with all clients in the City of Hopewell totaled $107,000 in revenue. Total revenue for the defendant in 2006 was $27,000,000.

Virginia Code § 8.01-262 provides permissible forums in which a plaintiff may bring a claim. The plaintiff asserts that the current Motion for Judgment may properly be filed in the City of Hopewell under Va. Code § 8.01-262(3), which provides that the forum is permissible "wherein the defendant regularly conducts substantial business activity." This standard was

amended in 2004 from the language "wherein the defendant regularly conducts business activity." The change reflects a higher level of activity in the forum than that required prior to the 2004 amendment.

However, this standard remains highly subjective. "A defendant's objection to venue is a matter submitted to the circuit court's sound discretion, and the court's decision in overruling an objection will not be disturbed on appeal unless the record shows an abuse of discretion." *Meyer v. Brown*, 256 Va. 53, 56-57, 500 S.E. 2d 807, 809 (1998). The party objecting to the choice of venue has the burden of establishing that the chosen forum was improper. *Id.*

The facts in this case show that, in 2006, the defendant had a total of ten contracts with the City of Hopewell, totaling $51,000 in revenue. Total revenue for the defendant in 2006 was $27,000,000. The revenue generated from the contracts with the City of Hopewell account for less than 1% of Shoosmith's total revenue for 2006. The total business with all clients in the City of Hopewell totaled $107,000 in revenue. The revenue generated from all clients in the City of Hopewell account for less than 1% of Shoosmith's total revenue for 2006.

In 2005, the Petersburg Circuit Court stated that the determination of whether a corporation regularly conducts substantial business activity in the forum "requires a quantitative analysis in comparison to other business activities being conducted by the defendant." *Roberts v. Home Care Connections, Inc.*, Case No. CL05-226 (Va. Cir. December 15, 2005). The Court found that the defendant did not regularly conduct substantial business activities in the forum because only 4% of the defendant's patient population lived in Petersburg and only 6% of total revenues derived from patients living in Petersburg in the year in question. *Id.*

Similarly, in 2006, the Richmond Circuit Court stated that there was not substantial business activity in the forum to allow the plaintiff to choose this venue in *Markert v. Richmond Int'l Raceway, Inc.* Case No. CL06-2902-4 (Va. Cir. October 20, 2006). The facts demonstrated that the defendant's annual revenues for 2005 were $57.8 million. *Id.* The defendant had 219 yearly ticket holders who lived in Richmond, out of a total of 16,967 yearly ticket holders. *Id.* The defendant obtained a $60,000 sponsorship from a Richmond based business. *Id.* The defendant advertised in Richmond, but this totaled 7% of the total advertising expenditures for the defendant in 2005. *Id.* The defendant also contracted with various service and equipment providers located in the City of Richmond, with a total expenditure for these services in excess of $635,000. *Id.* However, none of these activities reached the level of substantial business activities within the forum of the City of Richmond. *Id.*

Similarly, Shoosmith's business activities in the forum of Hopewell do not rise to the level of regularly conducting substantial business activity, as less than 1% of total revenues derived from business in Hopewell. Therefore, it is ordered that defendant's Motion for Change of Venue is granted, and that this cause is transferred to Chesterfield County.