338

# CIRCUIT COURT OF THE CITY OF RICHMOND

Spotsylvania
Medical Center, Inc.

v.

Karen Remley et al.

September 25, 2009

Case No. CL09-3179

BY JUDGE MELVIN R. HUGHES, JR.

This appeal of an agency decision is before the Court on the respondent's motion to dismiss on sovereign immunity grounds for failure of the petitioner to file the appeal in the proper venue. Under § 2.2-4003 of the Virginia Administrative Process Act, the statute directs that agency appeals venue shall be in accordance with the provisions of Va. Code § 8.01-261(1). The parties focus their contentions on the part of the statute that says such appeals shall be filed where the party aggrieved by the agency decision "regularly and systematically conducts affairs or business activity." The "evidence" on the question consisted of the parties' assertions and counter-assertions concerning whether the petitioner conducts business here. Neither party offered any evidence on the point. Indeed, respondents assert that the court's determination is confined exclusively to the agency record. As one would expect, the parties did not devote their efforts to showing where the petitioner did or did not conduct business in the event of an appeal during the agency process. Rather, they directed their concerns to the merits of the subject of the appeal, whether petitioner's request for a certificate of need was properly and timely filed. After an adverse finding in this regard, the petitioner appealed.

This much is clear, however. The record will show that petitioner does conduct business in Spotsylvania County. The record will not support petitioner's assertion that it conducts business here on a regular and systematic

basis, as the statute requires. Petitioner's references pointing to its business ties here do not cover the "regularly and systematically" prong of the statute on what otherwise amounts to such contacts here as only on an as needed basis. See *Meyer v. Brown*, 256 Va. 53, 500 S.E.2d 807 (1998).

The next question is whether the court can transfer the matter to Spotsylvania County, the place where the record does support a proper venue. Respondents contend that, on sovereign immunity grounds, as the statutory indication of venue is confined to Va. Code § 8.01-261(1), the case must be dismissed. The Court disagrees with this assessment.

The whole of Va. Code § 8.01-261(1) refers to "preferred places of venue" and says that "[v]enue in any other forum shall be subject to objection." The "objection" reference suggests, in the context, that an improper filing is not fatal to the case but subject to "objection," potentially waivable and not jurisdictional. The General Assembly did not choose to use words to the effect that the part of the statute which references "preferred" venue and "subject to objection" are excluded from consideration of the statute's meaning. It did not say, for example, that venue is affected only by the provisions of (1) of Va. Code § 8.01-261. What it did say was that venue would be controlled by § 8.01-261(1), which includes the paragraph immediately preceding the (1) of the statute, not the (1) alone. This evinces a legislative intent to allow à party to object to an improperly laid venue, as the respondents have here, under a "preferred" venue statute. The Court is neither aware of nor has been cited to any case that authorizes a dismissal on the merits of such cases for improper venue. The only other alternative is to send the case to where it should be.

Accordingly, the Court will grant petitioner's alternative position in its opposition and transfer this appeal to the Circuit Court of Spotsylvania County.