# CIRCUIT COURT OF THE CITY OF NORFOLK

Beth Darrow

v.

Autronics, Inc., et al.

September 24, 2010

Case No. (Civil) CL09-7570

By Judge Everett A. Martin, Jr.

The defendants have filed a motion to change the venue of this automobile accident case. As counsel presented the motion, the only issue is whether Autronics "regularly conducts substantial business activity" in the City of Norfolk. Code of Virginia § 8.01-262(3). No other basis for venue in Norfolk exists. Autronics is a family owned alternator and starter repair shop with its only place of business in Virginia Beach.

The evidence proffered is that Autronics has approximately $62,000 of sales to Norfolk customers, which is 9.9% of total sales. There was no evidence of the amount of the average sale. Autronics purchased about $22,000 in goods from Norfolk vendors, which is about 8.2% of total purchases. I assume these numbers are for 2009. Autronics also advertises in the regional telephone book. There was no evidence it has representatives in Norfolk to solicit business.

Autronics is in business to repair engines and not to anticipate venue motions in future personal injury actions, and thus it does not keep records on whether its Norfolk customers deliver their engines to and retrieve them from its place of business or it picks up the engines in Norfolk and delivers them in Norfolk after repairs. Both occur. For a sale to a Norfolk customer to constitute the transaction of business in Norfolk, Autronics would have to either pick up the engine in Norfolk or deliver it to the customer in Norfolk after the repairs are made. If a Norfolk customer delivers an engine to Autronics and picks it up after the repair is made, that is not transacting business in Norfolk. Thus something less than 9.9% of sales are the transaction of business in Norfolk.

The party objecting to venue has the burden of establishing the chosen forum to be improper. *Barnett v. Kite*, 271 Va. 65, 624 S.E.2d 52 (2006). There is a presumption the plaintiff's choice of forum is correct. *Norfolk & Western Ry. v. Williams*, 239 Va. 390, 389 S.E.2d 714 (1990). In other words, if it is a close call the plaintiff wins.

The courts assume the legislature intends the words it uses in statutes to have their plain meanings. *Sansom v. Board of Supervisors*, 257 Va. 589, 514 S.E.2d 345 (1999). "Regular" is defined as "usual; normal; customary" and "substantial" is defined as "of ample or considerable amount, quantity, size, etc." *Random House Dictionary of the English Language* (1967). I have received the authorities cited, and I conclude this is not quite a close call and that Autronics does not "regularly conduct substantial business activity" in Norfolk.

An order changing venue [has been entered].