# CIRCUIT COURT OF THE CITY OF NORFOLK

Marco Hernandez

v.

East Coast Barge
and Boat Co., Inc., et al.

June 25, 2012

Case No. (Civil) CL12-852

By Judge Karen J. Burrell

This matter comes before the Court on East Coast Barge and Boat Company, Inc.'s motion to transfer venue (the "Motion"), which asserts that the Circuit Court of the City of Norfolk is an improper venue. On June 6, 2012, the parties attended a hearing on the Motion. Upon review of the Motion, the record, the parties' arguments at the hearing, and applicable authority, the Court denies the Motion because East Coast Barge and Boat Company ("ECBBC") has failed to meet its burden to produce sufficient evidence to demonstrate that the Defendants did not engage in substantial business activities in the City of Norfolk at the time the Plaintiff filed the underlying suit

The sole issue brought forth in this matter is whether ECBBC has met its burden to show that the Defendants have not engaged in regular conduct in Norfolk that rises to the level of "substantial business activity" within the meaning of Virginia Code § 8.01-262(3). Under the current version of Virginia Code § 8.01-262(3), venue is proper in a jurisdiction in which "the defendant regularly conducts *substantial* business activity." (Emphasis added.) When considering venue under Virginia Code § 8.01-262(3), the "focal time for assessing venue for purposes of conducting business is the date the action is filed." *Duncan v. Brannock*, 78 Va. Cir. 169, 170 (2009) (citing *Jones v. Rusteau*, 43 Va. Cir. 311 (1997)).

Generally, there is a presumption that the plaintiff's choice of forum is correct, *Norfolk & W. Ry. v. Williams*, 239 Va. 309 (1990), and the defendant "has the burden to establish that the venue chosen by the plaintiff

was improper," *Hawthorne v. VanMarter*, 279 Va. 566, 580 (2010); *Meyer v. Brown*, 256 Va. 53, 57 (1998). However, the defendant may rely on "facts developed by the plaintiff" to meet that burden. *Meyer*, 256 Va. at 57.

Courts in Virginia have comfortably found a lack of substantial business activities for revenue or expenditures below 10%. *See, e.g., Darrow v. Autronics, Inc.*, 81 Va. Cir. 228, 228 (2010) (granting the defendant's motion for transfer of venue when the defendant proffered evidence showing its sales to Norfolk customers was roughly $62,000, or 9.9%, of its total sales and that it spent approximately $22,000, or 8.2%, of its total purchases in Norfolk); *Garland v. Shoosmith Bros., Inc.*, 73 Va. Cir. 515, 515-16 (2007) (granting the defendant's motion for transfer of venue after finding that the defendant proffered sufficient evidence to establish that its 2006 contracts with the City of Hopewell and its total business in 2006 with clients in Hopewell were less than 1% of its total revenue for 2006); *Sandler v. Wintergreen Partners, Inc.*, 71 Va. Cir. 155, 157-58 (2006) (granting the defendant's motion to transfer venue when the defendant's business in Albemarle County was limited to expending $10,327.49 in advertising out of an approximate total advertising budget of $800,000 (approximately 1.29%) and other regular, but insubstantial, purchases within Albemarle County, including wine, produce, and vehicles).

In the Motion, ECBBC claims that the Defendants' business activities in Norfolk account for only 6% of their total revenue. However, ECBBC has not provided any evidence other than a bare statement in the Motion and in an accompanying affidavit that their activities in Norfolk account for 6% of their total activities, unlike the defendants in the cases cited above that produced relatively specific evidence of what their total revenue and/or expenditures were for the relevant period of time and how their activities in the forum corresponded to these totals. ECBBC's argument that 6% should not be considered substantial business activities is persuasive given the precedent, but it has the burden to prove that its activities in Norfolk accounted for 6% of its total work; otherwise, the plaintiff's choice of venue is still to be presumed correct.

While the Court may additionally consider the Internet printout provided by the Plaintiff at the June 6, 2012, hearing in its determination of whether venue is improper in Norfolk, the printout does not provide facts that would allow the Court to find that the Defendants' activities during the relevant time period are unsubstantial. The printout does not indicate whether the projects listed are exhaustive or indicate the relevant dates of each project. Furthermore, based on crude calculations of the Defendants' projects in Norfolk, the information provided in the printout would tend to show that the Defendants' activities in Norfolk are above 6%.

Without additional information, ECBBC cannot sufficiently establish the ratio of the Defendants' work in Norfolk compared with their total work during the "focal" time period, to wit, when the Plaintiff filed suit

against the Defendants. Had ECBBC presented any evidence to justify its 6% figure, it would seem to be proper to grant its motion to transfer venue. The Court notes that the Defendants rejected the Plaintiff's offer to have an evidentiary hearing and, instead, elected to proceed by way of affidavit and argument. However, without anything more than ECBBC's affidavit that the Defendants' Norfolk activities account for 6% of their total revenue and in the face of the Internet printout evidence presented by the Plaintiff, the Court is not willing to find that ECBBC has satisfied its burden of proof. Therefore, ECBBC has not rebutted the presumption that the Plaintiff's choice of venue is correct, and the Court denies ECBBC's motion to transfer venue.