UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Friedman and Lorish
Argued at Alexandria, Virginia


RIORDAN LIMITED, ET AL.

MEMORANDUM OPINION[*] BY
v.      Record No. 0955-23-4                JUDGE MARY BENNETT MALVEAUX
NOVEMBER 26, 2024

IRINA NOVITZKY, ET AL.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

David H. Dickieson (Tara N. Tighe; Schertler Onorato, Mead &
Sears, on briefs), for appellants.

George R.A. Doumar (Raj H. Patel; Craig Franco; Mahdavi Bacon
Halfhill & Young, PLLC; Odin Feldman & Pittleman, P.C., on
brief), for appellees.


Riordan Limited, Autonomy Global Opportunities Master Fund, L.P., and Robert Gibbins

(collectively, the "Gibbins parties") appeal the circuit court's final order dismissing this case on

the grounds of forum non conveniens. On appeal, in ten assignments of error, the Gibbins parties

argue that the circuit court erred in finding that Ukraine was a more convenient forum for this

litigation. Because the Gibbins parties failed to timely file transcripts for certain hearings and also

failed to provide argument and legal authority for certain assignments of error, we affirm the circuit

court's judgment.

BACKGROUND

Gibbins is a citizen of the United Kingdom and Canada, and a resident of Switzerland.

Riordan and Autonomy Global are corporate entities through which Gibbins manages his

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

investments and personal funds.  Riordan is incorporated in Cyprus, and Autonomy Global is registered in the Cayman Islands.  Irina and Victor Novitzky, a married couple, are Ukrainian citizens and former residents of Ukraine, and current residents of Fairfax County, Virginia.  The Novitzkys have conducted business on behalf of Gallois Invest, an asset management company registered in Ukraine, in various capacities.  Irina Novitzky is a "director general" of Gallois Invest.

The dispute here involves two large real estate development projects in Ukraine, one located in the city of Kyiv, the other in the city of Mykolaiv.  The Gibbins parties allege that the Novitzkys and Gallois Invest (collectively, the "Novitzky parties") induced them to invest in the projects, or to invest in entities that invested in the projects, and then mismanaged or misappropriated the funds, causing the Gibbins parties to lose millions of dollars.  With respect to the Kyiv project, the Gibbins parties asserted claims (against each of the Novitzky parties, unless otherwise noted) for breach of fiduciary duty, fraud, fraud in the inducement, constructive fraud, common law and statutory conspiracy, unjust enrichment, conversion, tortious interference with business expectancy (against Irina and Gallois), alter ego liability (against Victor), and accounting.  With respect to the Mykolaiv project, the Gibbins parties asserted claims for breach of fiduciary duty, common law and statutory conspiracy, unjust enrichment, conversion, tortious interference with business expectancy (against Irina and Gallois), alter ego liability (against Victor), and accounting.

The Gibbins parties filed a complaint in November 2020, alleging claims related only to the Kyiv project.  The Novitzky parties moved the circuit court to dismiss the case for forum non conveniens under Code § 8.01-265, arguing that Ukraine is a more convenient forum for the case than Virginia.  After hearing argument from the parties, the circuit court issued a letter opinion on March 1, 2021, analyzing the forum non conveniens issue but taking the motion "under

- 2 -

advisement until the record is further developed." The parties engaged in discovery limited to the issue of forum non conveniens and submitted further briefing on that issue.

In June 2021, the Gibbins parties filed a first amended complaint adding the claims relating to the Mykolaiv project and new claims relating to the Kyiv project. The circuit court held an evidentiary hearing on September 2, 2021, at which it received evidence from the parties on the motion to dismiss. The circuit court issued a letter opinion on September 17, 2021, concluding that good cause existed to dismiss the case for forum non conveniens.

The Gibbins parties then moved the circuit court to stay rather than dismiss the case. The circuit court granted the motion, noting, "[t]he decision to enter an Order of Stay rather than an Order dismissing the case arises from the unaddressed concerns that Va[.] Sup. Ct. Rule 1:1 does not allow for an ended case to be reinstated." The circuit court entered an order on November 18, 2021, staying the case upon certain conditions, among them the Novitzky parties' agreement not to raise certain defenses in the Ukrainian litigation, and ordering the Gibbins parties to "prosecute their claims [in Ukraine] in a reasonably prompt manner."

On February 24, 2022, Russia invaded Ukraine. The Gibbins parties, who had not yet filed any claim in Ukraine, moved the circuit court to lift the stay so the case could proceed in Virginia rather than Ukraine.[1] The circuit court held a hearing on this motion on April 22, 2022. In November 2022, the Novitzky parties moved the circuit court to dismiss the matter, arguing that the circuit court erred by staying rather than dismissing the case in its November 2021 order. The circuit court held a hearing addressing the motion to lift the stay and motion to dismiss on December 1, 2022. In a December 1, 2022 order, the circuit court stated that at the hearing, the parties had argued over how the Gibbins parties would have to litigate their claims in Ukraine.

---

[1] There had been other proceedings in Ukraine involving at least some of the parties to this dispute, but the Gibbins parties had not filed claims against the Novitzky parties in accord with the circuit court's November 2021 order.

The court ordered additional briefing from the parties on the question of how the Gibbins parties would have to file their claims in Ukraine.

On January 26, 2023, the circuit court lifted the stay effective February 24, 2023. In its order, the court noted that, "[i]n hindsight, the [c]ourt erred and should have dismissed the case" rather than staying it in November 2021. Doing so, the court noted, would have "allow[ed] the parties to appeal [the court's] decision to the . . . Court of Appeals and during the ensuing months be kept informed as to whether it was practicable to bring this litigation to the Ukraine courts." The court concluded, nonetheless, that it "cannot correct its prior error by dismissing the case now." Taking into consideration "the totality of the facts and circumstances and weighing the equities," including the circuit court's perceived inability to correct its error and the impact of the war on the Ukrainian court system, the court lifted the stay and allowed the case to proceed in Virginia.

Gibbins had, in the meantime, filed claims against the Novitzky parties in the Kyiv City Commercial Court in Ukraine (the "commercial court") on November 25, 2022.[2] On November 30, 2022, the commercial court issued an opinion concluding that Gibbins's claims were misjoined because the Kyiv and Mykolaiv projects arose from different factual circumstances. The commercial court further concluded that Gibbins could proceed against Gallois in Ukraine but his claims against the Novitzkys should be brought in a United States court because the Novitzkys are permanent United States residents.

Irina Novitzky appealed that ruling in Ukraine, and that appeal was still pending when the circuit court lifted the stay of the Virginia proceedings on January 26, 2023. On February 15, 2023, the Ukrainian Northern Commercial Court of Appeals (the "Ukrainian court of appeals")

---

[2] The record does not reveal why Gibbins alone, rather than all three of the Gibbins parties, filed claims against the Novitzky parties.

issued an opinion nullifying the commercial court judgment. The Ukrainian court of appeals concluded that Gibbins's claims against the Novitzkys should be heard in Ukraine, as the Novitzkys are Ukrainian citizens and "[i]t is also obvious that the disputed legal relations arose on the territory of Ukraine." The Ukrainian court of appeals further concluded that Gibbins's claims against the Novitzkys should be heard in a Ukrainian civil court, rather than a commercial court.

On February 16, 2023, the Novitzky parties moved the circuit court to reconsider the January 2023 order lifting the stay and to dismiss the case in accordance with its November 2021 order. They argued that dismissal was appropriate given the new information that had been presented to the circuit court over the ensuing months, including the decisions by the Ukrainian courts.[3]

The circuit court heard argument on the Novitzky parties' motion on April 28, 2023. The court entered a final order on May 9, 2023, concluding that it had erred in staying instead of dismissing the case under Code § 8.01-265 in its November 18, 2021 order. The court dismissed the case without prejudice subject to certain conditions, including the Novitzky parties' agreement not to raise certain defenses in the Ukrainian litigation. The Gibbins parties now appeal the circuit court's final order.

ANALYSIS

On appeal, the Gibbins parties present ten assignments of error that relate to various rulings made by the circuit court. Upon review of the record and briefing, we conclude that we are prevented from reviewing the Gibbins parties' arguments because certain indispensable

---

[3] While that motion was pending, the Gibbins parties filed a second amended complaint on March 17, 2023. In the second amended complaint, the Gibbins parties adjusted certain factual allegations but otherwise pleaded substantially similar claims as in the first amended complaint.

transcripts are not part of the record (assignments of error 1, 5, 6, 7, 8, and 9), and because the Gibbins parties' opening brief failed to comply with Rule 5A:20(e) (assignments of error 2, 3, 4, and 10).

## I. Indispensable Transcripts

In its final order, the circuit court stated that it based its decision "[u]pon consideration of the Parties' extensive briefing in the record, evidence presented at the September 2, 2021, hearing on [the Novitzky parties'] Motion to Dismiss for *Forum Non Conveniens*, and argument of counsel." It is clear that the circuit court relied on evidence presented at the September 2, 2021 hearing in making its final ruling dismissing the case on the grounds of forum non conveniens. But a transcript of this hearing was not timely filed.

"The transcript of any proceeding is part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). The final order in this case was entered on May 9, 2023. Sixty days from May 9, 2023, was Saturday, July 8, 2023, so the deadline to file the transcripts in this case was Monday, July 10, 2023. *See* Code § 1-210(B) ("When the last day for performing an act during the course of a judicial proceeding falls on a Saturday, Sunday, [or] legal holiday . . . the act may be performed on the next day that is not a Saturday, Sunday, [or] legal holiday."). On July 27, 2023—79 days after the circuit court entered its final order—the Gibbins parties filed in the circuit court the transcript of the September 2, 2021 hearing. The Gibbins parties did not request an extension of the deadline to file the transcript, and this Court did not enter any order extending the deadline. *See* Rule 5A:8(a) ("This deadline [to file a transcript] may be extended by a judge of this Court

only upon a written motion filed within 90 days after the entry of final judgment.").  Thus, the September 2, 2021 hearing transcript filed on July 27, 2023, is not part of the record.[4]

The parties had previously filed parts of the September 2, 2021 transcript as exhibits to pleadings in the circuit court—specifically, pages 2 to 126 (filed in the circuit court on December 19, 2022, and March 17, 2023), 182 to 185 (filed in the circuit court on December 16, 2022), and 202 to 205 (filed in the circuit court on December 16, 2022).  Therefore, those portions of the transcript of the September 2, 2021 hearing are part of the record.

Those portions of the transcript reflect that at the September 2, 2021 hearing, the Novitzky parties called at least two witnesses to testify—Oksana Pakhar, a corporate representative of Gallois, and Irina Paliashvili, an expert in Ukrainian law.  The Gibbins parties called at least one witness—Yevgen Levitskyi, an expert in Ukrainian law.  Pages 2 to 126 of the transcript include the parties' opening statements, as well as Pakhar's testimony.  Pages 182 to 185 and 202 to 205 are excerpts from Levitskyi's testimony.  None of Paliashvili's testimony is included in the record.  It is unclear whether any other witnesses testified for either party in the missing portions of the transcript.

In its September 17, 2021 letter opinion, the circuit court noted that it considered "the competing expert witnesses offered by the parties" and found "the [Novitzky parties'] expert was credible, impressive, and persuasive.  Additionally, the clarity of her explanations was impactful

---

[4] That same day, July 27, 2023, the Gibbins parties also filed in the circuit court transcripts of the hearings that occurred on February 19, 2021, April 22, 2022, and December 1, 2022.  As they are untimely filed, these transcripts are not part of the record.  But the Gibbins parties had, however, already filed the transcript of the February 19, 2021 hearing as an exhibit to a brief they filed in the circuit court on August 20, 2021, thus it is part of the record on appeal.  Further, although we know little about what occurred at the April 22, 2022 or December 1, 2022 hearings, neither the Gibbins nor the Novitzky parties suggest in their briefing that the circuit court received additional evidence at those hearings.  Nor does any order entered by the circuit court state that evidence was received at those hearings or that the court's decision was based on evidence received at those hearings.

upon the court." The circuit court found the Gibbins parties' expert "less credible." In the letter opinion, the circuit court did not explain what the expert witnesses testified about.

In addition, the record also lacks a timely-filed transcript related to the April 28, 2023 hearing. At this hearing, the parties presented argument on the Novitzky parties' motion to reconsider the circuit court's order lifting the stay, and the circuit court also issued rulings from the bench. In its final order, the circuit court stated that its conclusions were "reflected in the attached transcript of the ruling of the [circuit court] on April 28, 2023." The April 28, 2023 hearing transcript, however, is not attached to the final order in the record. The Gibbins parties filed this transcript in the circuit court on July 27, 2023, which, as noted above, was outside of the deadline provided in Rule 5A:8(a) and Code § 1-210(B). Thus, there is no timely-filed transcript of the April 28, 2023 hearing in the record.

On appeal, the appellant "has the primary responsibility of presenting to this [C]ourt, as a part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for us to give full consideration to the assignment of error." *Prince Seating Corp. v. Rabideau*, 275 Va. 468, 470-71 (2008) (alteration in original) (quoting *Lawrence v. Nelson*, 200 Va. 597, 598-99 (1959)). Without a sufficient record, "we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Consistent with this principle, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Veldhuis v. Abboushi*, 77 Va. App. 599, 606-07 (2023) (alterations in original) (quoting *Bay v. Commonwealth*, 60

Va. App. 520, 528 (2012)). "If we determine that the transcript [or statement of facts] is indispensable . . . , we *must* [conclude] that the record on appeal is insufficient to fairly and accurately determine the issues presented." *Bay*, 60 Va. App. at 529 (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Id.*

We now examine the Gibbins parties' assignments of error in light of the record on appeal, which contains limited portions of the September 2, 2021 hearing and no timely-filed transcript for the April 28, 2023 hearing.

### A. Assignment of Error 1

In their first assignment of error, the Gibbins parties argue that the circuit court erred in ruling that the case should be dismissed for forum non conveniens.

Under Virginia's forum non conveniens statute, a circuit court "may" dismiss an action brought by a non-resident of Virginia "if the cause of action arose outside of the Commonwealth and if the court determines that a more convenient forum which has jurisdiction over all parties is available in a jurisdiction other than the Commonwealth." Code § 8.01-265. If the circuit court dismisses the case, the dismissal must be "without prejudice" and "under such conditions as the court deems appropriate." *Id.* The circuit court may dismiss a case for forum non conveniens only "upon motion by any party and for good cause shown." *Id.*

"Good cause shall be deemed to include, but not to be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses, or complying with the law of any other state or the United States." *Id.* Although "[t]here is no formula for application of the doctrine of forum non conveniens," relevant considerations include "'relative ease of access to sources of proof; availability of compulsory process for

- 9 -

attendance of unwilling [witnesses], and the cost of obtaining attendance of willing witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *RMBS Recovery Holdings, I, LLC v. HSBC Bank USA, N.A.*, 297 Va. 327, 345 (2019) (second and third alterations in original) (emphasis omitted) (quoting *Norfolk & W. Ry. Co. v. Williams*, 239 Va. 390, 393 (1990)). "Careful consideration of the facts, a balancing of the competing interests, and an analysis of the appropriate principles must be undertaken in each case." *Norfolk & W. Ry. Co.*, 239 Va. at 393.

"'An objection to venue is addressed to the sound discretion of the trial court' and the court's decision 'will not be reversed on appeal unless the record affirmatively reflects an abuse of discretion.'" *RMBS Recovery Holdings*, 297 Va. at 341 (quoting *Meyer v. Brown*, 256 Va. 53, 56-57 (1998)). A circuit court abuses its discretion:

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Id.* (quoting *Lambert v. Sea Oats Condo. Ass'n, Inc.*, 293 Va. 245, 253 (2017)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Martin v. Lahti*, 295 Va. 77, 87-88 (2018) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

The Gibbins parties argue that the circuit court abused its discretion by finding that Ukraine was a more convenient forum for this litigation. They argue that Virginia is a more convenient forum, for two reasons: (1) the ongoing war in Ukraine, and (2) the necessity of bringing claims in multiple courts in Ukraine to pursue the claims they have brought as a single case in Virginia.

We start by addressing their second argument. The Gibbins parties contend that "Ukrainian procedural rules mandate that a claim for damages must be filed in a court in the place where the alleged damage occurred," and that they therefore must file their claims relating to the Kyiv project in Kyiv, and their claims relating to the Mykolaiv project in Mykolaiv, approximately 250 miles away. Because the Gibbins parties would have to file in multiple Ukrainian courts the claims they have brought in a single case in Virginia, they argue that Ukraine cannot be a more convenient forum.

Virginia courts have not addressed the issue of whether a proposed alternative forum may be considered "more convenient" for purposes of Code § 8.01-265 despite the plaintiff's being required to file claims in multiple courts upon dismissal of the case by the Virginia court. The Gibbins parties argue neither the circuit court nor the Novitzky parties cited any instance of a case being dismissed "for forum non conveniens . . . where the alternative forum was actually more than one forum." But the absence of such a case does not imply a per se rule that being required to litigate in multiple courts prevents dismissal of a case for forum non conveniens. The Supreme Court of Virginia has never so held. Rather, as noted above, it has instructed courts that in considering whether to dismiss a case under the doctrine of forum non conveniens, "[c]areful consideration of the facts, a balancing of the competing interests, and an analysis of the appropriate principles must be undertaken in each case." *Norfolk & W. Ry. Co.*, 239 Va. at 393. And a circuit court's dismissal of a case for forum non conveniens "will not be reversed on appeal unless the record affirmatively reflects an abuse of discretion." *RMBS Recovery Holdings*, 297 Va. at 341 (quoting *Meyer*, 256 Va. at 57). Thus, even against the possibility that a plaintiff will have to file multiple lawsuits, we must have access to the full evidentiary record upon which the circuit court based its decision to determine whether it made a clear error in judgment in dismissing the case for forum non conveniens. *See Prince Seating Corp.*, 275 Va. at

- 11 -

471 ("[W]here the evidence on which the decree is based has not been made a part of the record to be considered by us, it is impossible for us to pass on the point that the decree is contrary to the law and the evidence." (alteration in original) (quoting *Lawrence*, 200 Va. at 599)). Here, we do not have access to the Novitzky parties' expert's testimony, and we only have part of the Gibbins parties' expert's testimony. Thus, the lack of a complete hearing transcript prevents us from being able to determine whether the circuit court erred in dismissing the case for forum non conveniens despite the Gibbins parties being required to file claims in multiple courts upon such dismissal.

The Gibbins parties also argue that the circuit court erred by finding that Ukraine is a more convenient forum for this litigation despite the ongoing war in that country. Throughout the litigation of this matter, the parties each filed hundreds of pages of briefing and exhibits, including declarations from experts in Ukrainian law about the impact of the war on the Ukrainian court system and on Ukraine as a whole. The Gibbins parties filed exhibits reflecting that Ukraine remains in a state of discord because of Russia's ongoing siege of the country. The Novitzky parties replied with exhibits demonstrating that Ukraine's courts have nonetheless successfully persevered in their duties, and are, by and large, operational. In addition, the absence of the full September 2, 2021 hearing does not impact our consideration of this argument, because the war in Ukraine had not begun at the time of that hearing.

There is, therefore, not an insignificant amount of evidence in the record relating to the issue. But the circuit court's decision "will not be reversed on appeal unless the record affirmatively reflects an abuse of discretion." *RMBS Recovery Holdings*, 297 Va. at 341 (quoting *Meyer*, 256 Va. at 57). As it stands, given the significant conflicting evidence presented by the parties, the record does not affirmatively reflect an abuse of discretion on this issue. And, in evaluating whether the circuit court abused its discretion in dismissing the case for forum non

conveniens, we must look at the circumstances in whole that were presented to the court to ensure that a "[c]areful consideration of the facts, a balancing of the competing interests, and an analysis of the appropriate principles [was] undertaken in [this] case." *Norfolk & W. Ry. Co.*, 239 Va. at 393. This includes the Gibbins parties' other argument that Virginia is the more convenient forum because they would have to litigate their claims in separate courts in Ukraine.

Thus, because we review in total the evidence presented to the circuit court, the lack of a complete September 2, 2021 hearing transcript prevents us from being able to determine whether the circuit court erred in its decision dismissing the case for forum non conveniens. The missing portions of the transcript are "necessary to permit resolution of" the issues raised by the Gibbins parties in their first assignment of error, so the arguments "will not be considered." Rule 5A:8(b)(4)(ii); *see Dixon*, 71 Va. App. at 716.

### B. Assignments of Error 8 and 9

In assignments of error 8 and 9, the Gibbins parties argue the circuit court erred in its May 9, 2023 final order, and in its rulings from the bench during the April 28, 2023 hearing, by concluding that it had erred in its November 2021 order staying the case rather than dismissing it after finding the Novitzky parties had proved forum non conveniens.

In its final order, the circuit court "ORDERED that, as reflected in the attached transcript of the ruling of the [circuit court] on April 28, 2023, the [circuit court] erred in staying instead of dismissing the matter pursuant to Va. Code § 8.01-265." As noted above, the April 28, 2023 transcript is not a part of the record on appeal. Thus, we are unable to determine what specific rulings the circuit court made concerning its determination that it had erred in staying rather than dismissing the case. A transcript of the April 28, 2023 hearing is thus "necessary to permit resolution of" assignments of error 8 and 9, so those assignments of error "will not be considered." Rule 5A:8(b)(4)(ii); *see Dixon*, 71 Va. App. at 716.

- 13 -

C. Assignments of Error 5, 6, and 7

In assignments of error 5, 6, and 7, the Gibbins parties argue the circuit court erred "in its oral findings and rulings" at the April 28, 2023 hearing by concluding the case should be dismissed for forum non conveniens. Without a transcript of the April 28, 2023 hearing, however, we do not know what findings and conclusions the circuit court made with respect to the question of forum non conveniens, nor do we know what role those findings and conclusions had in the circuit court's final decision. A transcript of the April 28, 2023 hearing is thus "necessary to permit resolution of" assignments of error 5, 6, and 7, so those assignments of error "will not be considered." Rule 5A:8(b)(4)(ii); *see Dixon*, 71 Va. App. at 716.

II. Lack of Argument and Legal Authority

Rule 5A:20(e) requires that an appellant's opening brief contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." "Statements unsupported by argument, authority, or citations to the record do not permit appellate consideration." *Parks v. Parks*, 52 Va. App. 663, 664 (2008) (quoting *Cirrito v. Cirrito*, 44 Va. App. 287, 302 n.7 (2004)). "A significant omission in this regard will result in waiver of the argument on appeal." *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 708 (2012). "Absent argument and authority, an assignment of error is deemed to be abandoned." *Lafferty v. Sch. Bd. of Fairfax Cnty.*, 293 Va. 354, 365 (2017).

A. Assignment of Error 2

In assignment of error 2, the Gibbins parties argue that the circuit court erred in its March 1, 2021 letter opinion by failing to deny the Novitzky parties' motion to dismiss for forum non conveniens "despite acknowledging that [the Novitzky parties] had not adequately established the availability of an adequate alternative forum for this case." The Gibbins parties do not develop this argument or support it with any legal authority in their briefing. Moreover, the

Gibbins parties do not make any attempt in their arguments to distinguish between the decisions the circuit court made in March 2021, September 2021, January 2023, and May 2023. Thus, the Gibbins parties fail to develop any argument that the circuit court should have denied the motion to dismiss in March 2021, based on the evidence before the circuit court at that time, as opposed to denying the motion in September 2021, January 2023, or May 2023. The Gibbins parties' omissions in these regards are "significant," and assignment of error 2 is therefore waived. *Ceres*, 59 Va. App. at 708.

### B. Assignments of Error 3 and 4

In assignments of error 3 and 4, the Gibbins parties assert that the circuit court erred in its September 17, 2021 letter opinion when it concluded the Novitzky parties had proved forum non conveniens and the case should thus be dismissed. As noted with respect to assignment of error 2, the Gibbins parties in their briefing do not distinguish between the decisions the circuit court made in March 2021, September 2021, January 2023, and May 2023. The Gibbins parties exclusively focus on the quantum of evidence available to the court in May 2023 and make no attempt to argue that the circuit court erred in September 2021. The Gibbins parties have therefore abandoned assignments of error 3 and 4, which are directed to the circuit court's September 17, 2021 letter opinion. *Lafferty*, 293 Va. at 365.

### C. Assignment of Error 10

In assignment of error 10, the Gibbins parties argue that the circuit court erred in its May 9, 2023 final order because the circuit court "acknowledged that [it] had committed two previous errors in prior decisions." In their briefing to this Court, the Gibbins parties make no argument explaining why the circuit court's acknowledgement of previous errors would be a basis for this Court to find error in the final order. The Gibbins parties' lack of argument in support of

- 15 -

assignment of error 10 is a "significant omission," and assignment of error 10 is therefore waived. *Ceres*, 59 Va. App. at 708.

## CONCLUSION

The Gibbins parties have waived all their assignments of error; accordingly, the circuit court's judgment is affirmed.

*Affirmed.*